LEON & H. BLUM ET AL. v. A. WETTERMARK ET AL.

(Case No. 1109.)

1. ACTION — STATUTE CONSTRUED. — The fact that six months has not expired after the date of publication of notice of the appointment of an assignee, under the provisions of the law regulating assignments for the benefit of creditors, approved May 24, 1879, can furnish no defense to an action brought against the assignee for the purpose of protecting and securing the estate for ultimate distribution.

2. SAME. — If at any time after executing bond an assignee under said act misapplies assets confided to his care for the benefit of creditors, whether through negligence or fraud, the creditors may maintain an action against him to preserve the trust estate. In such case it is immaterial whether the assets misapplied were scheduled in the assignment or not, if the property belonged to the assignor, and was received by the assignee as a part of his estate.

3. SAME — STATUTES CONSTRUED. — It is not necessary that such action should be brought in the name of the assignee, under the ninth section of the act, but it may be brought by any of the creditors in their own names for the benefit of all.

4. PLEADING.— In a petition filed by creditors against an assignee appointed under the act of March 24, 1879, for misapplying the assets received by him, there was no distinct averment that there did not remain in the hands of the assignee assets not misapplied, sufficient to discharge the debts.   On general demurrer, *held,* .

   (1) That the omission was not fatal.

   (2) The statute having been made for the benefit of *insolvent* debtors and their creditors, no presumption can arise that a debtor who avails himself of its provisions is solvent.

   (3) Conclusion against the demurrer reached in a case where the property misapplied was alleged to be of a value equal to two-thirds of the indebtedness of the assignor.

5. JURISDICTION.— The district court, under its general equity powers, has, in a suit brought against an assignee for the benefit of creditors, who is charged with misappropriating the assets, power to remove him and appoint another.

APPEAL from Rusk.    Tried below before the Hon. A. J. Booty.

*Scott & Levi,* for appellants.

*Jones & Wynne,* for appellees.

I. Whitley, as assignee of Crown's estate, could not be called to account by Crown's creditors till six months had expired from the first publication of the notice of appointment of the assignee.   App. to R. S. of Texas, p. 6, sec. 7; also p. 7, sec. 15.

II. Appellants' petition does not state that Crown scheduled the one hundred and six bales of cotton as part of his assets.

III. Because appellants' petition does not state that there is not of the estate of Crown, in the hands of Whitley, exclusive of the one hundred and six bales of cotton, sufficient to pay the claims of appellants and other creditors who consent to the assignment and agree to discharge Crown under the terms of the assignment law.

IV. Appellants' petition does not state that Whitley's sureties on his bond are not solvent and able to make Whitley's acts good.

V. Appellants' petition avers that Whitley had actual dominion, control and possession of the one hundred and six bales of cotton, as assignee of Crown's estate. If this be true, he had a right to sell it to Wettermark and Focke & Wilkins, or any other person, he and his sureties on his bond alone being responsible to Crown and his creditors for the faithful discharge of his duty. App. to R. S. of Texas, p. 6.

VI. Whitley was appointed assignee of Crown's estate under the statute; the statute directs how he may be removed; the statute was not observed in the application to remove him, as all the parties interested were not notified; nor was the judge applied to for directions as contemplated by the statute. App. to R. S. of Texas, p. 7, sec. 14.

VII. An allegation of a conclusion of law drawn by the pleader is not a fact, and consequently is not admitted by a general demurrer, whose office is to admit facts only, and those that are well pleaded. Holman v. Criswell, 13 Tex., 41–44; Gatlin v. Glover, 4 Tex., 152.

VIII. If the one hundred and six bales of cotton were not scheduled by Crown, and delivered with other assets so assigned by Crown to Whitley (if, indeed, they were the property of Crown), Whitley is not responsible either to Crown or his creditors for it; and if Whitley should neglect or refuse to sue for it, the most that any creditor of Crown could do, is to sue the party who might have the property in possession, in the name of Whitley. App. to R. S. of Texas, p. 6, sec. 9.

IX. If the one hundred and six bales of cotton had been scheduled by Crown and delivered by him to Whitley as part of his assets, and Whitley had sold it to Wettermark and Focke & Wilkins, yet Whitley, so far as the averments of appellants' petition speak, had the right to sell it; and the petition does not disclose how appellants have been or can be injured, even if they should have the

right to sue Whitley before they had the right to call on him for pro rata payment under the statute.   Holman *v.* Criswell, 13 Tex., 41–44; App. to R. S. of Texas, p. 6, sec. 7; p. 7, sec. 15.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by the appellants as creditors of Morris Crown and in behalf of all the other creditors, and alleged in substance that "Crown, on December 3, 1880, being indebted to petitioners in various specified sums, executed a deed of assignment to Sharp R. Whitley for the benefit of his creditors, under the laws of Texas relative to assignments for the benefit of creditors.   The deed of assignment was of all property (not exempt) for distribution among creditors who should accept their proportion of the estate and discharge the debtor, petitioners being of the number who had consented to so accept and discharge.

"That Whitley accepted the trust, and with himself as principal, and defendants Nunnally and Burnett as sureties, gave bond as required by law in the sum of $5,000, the conditions being particularly alleged and corresponding with the requirements of law.

"The bond was approved by the county judge of Rusk county, and filed with the county clerk, and Whitley assumed charge of Crown's estate.

"That at the time of executing the assignment Crown had one hundred and six bales of cotton at Henderson, in Rusk county, of the average weight of five hundred and fifty pounds per bale, and of the average value of fifteen cents per pound; that said cotton was part of Crown's estate, and by operation of the assignment and of law was transferred to Whitley, who actually took possession and control thereof for the purpose of the assignment, and was bound to administer the same thereunder for the benefit of the consenting creditors of Crown, and for the performance of such his duty his sureties were responsible to the amount of their bond.

"That Whitley nevertheless, unmindful of his said duty, did not perform the same, nor use nor apply said cotton to said purposes; but to the contrary, in December, 1880, and January, 1881, contriving with defendants Wettermark, Focke & Wilkins to defraud the creditors of Crown entitled thereto, did, with Wettermark, Focke & Wilkins, without any consideration therefor given or paid to Whitley, or otherwise for the benefit of the creditors entitled thereto, convert the whole of said one hundred and six bales of cotton to the use of Whitley, Wettermark, Focke & Wilkins.

"That at the time of the conversion they all knew, and the fact was, that the cotton was assets in Whitley's hands as assignee for distribution among the consenting creditors of Crown, and that the conversion was a breach of trust on the part of Whitley, and a fraud on the creditors of Crown, who were thereby damaged in the sum of $8,000.

"That Whitley, Wettermark, Focke & Wilkins are legally liable to plaintiffs and the other creditors of Crown entitled to take under the assignment, in the full sum of the value of said cotton, with interest from the date of conversion; and Whitley's sureties are in like manner liable upon their bond to the extent of the amount of said bond.

"That Whitley, in converting said cotton, has become and shown himself unsuitable to perform the trust imposed by the assignment, has refused and neglected so to do, and has grossly mismanaged the property of said estate.

"Plaintiffs pray for citation and for judgment against defendants for the value of the cotton so converted, and for interest, according to the alleged liability of the several defendants—the judgment to be applied as assets under the assignment for the benefit of all concerned; that Whitley be removed as assignee, and a more suitable person appointed to execute the assignment; for appro-

priate orders and process to this end; and that out of the proceeds plaintiffs be reimbursed their reasonable expenses incurred, including counsel fees, and for general and equitable relief."

The petition further alleged that the sum due to the various creditors by Crown amounted to about $12,000. The appellees all joined in a general demurrer, which, being heard, was sustained and the petition dismissed.

There are two assignments of error, each of which in substance is, that the court erred in sustaining the general demurrer.

The particular ground upon which the demurrer was sustained does not appear in the record, but the brief filed in this court for the appellees probably presents the grounds urged and sustained in the court below, some of which will be considered.

The first objection urged in this court is that the assignee could not be called upon to account by creditors until six months had expired after publication of notice of his appointment, and that therefore creditors could take no action until that time had elapsed.

If this action was brought to compel him to pay to any creditor of the insolvent estate of which he is the assignee any part of the funds arising from the sale thereof, there might be some force in the objection; for until the expiration of that time the assignor or any creditor would have the right to contest the validity of any claim presented.

This action, however, was not brought to compel the assignee to make a payment to the creditors, but for the purpose of protecting and securing the estate for ultimate distribution; and the fact that the creditors are required by the statute to file their claims, properly authenticated, with the assignee within six months from the date of publication of the notice of his appointment, furnishes him no defense to an action such as this is.

If at any time after he assumed the trust by the execution of the bond required by the statute, which is conditioned that he will "faithfully discharge his duties as such assignee," he imperiled or misapplied the assets confided to his care for the benefit of creditors, as stated in the petition, whether through negligence or fraud, then the creditors were entitled to take such steps in any court of competent jurisdiction (and we deem the district court such a court in this cause) as were necessary to preserve the trust estate.

It is urged that the suit cannot be maintained because the petition does not allege that the assignor placed the cotton upon the schedule of his property. We deem it entirely unimportant whether the cotton was scheduled or not. Under the first section of the act, by the assignment all of the property of the insolvent, except that which was exempt from forced sale, passed to the assignee to be applied to the benefit of the creditors, whether such estate was specified in the assignment or not; and this is as true of an assignment made under the third section of the act, as if made for the benefit of all creditors under the first section of the act.

If the property belonged to the assignor, and came into the hands of the assignee as a part of the estate, then he was bound to administer it faithfully. If the assignor had not voluntarily placed the property in his possession, under the ninth and tenth sections of the act, under which the assignment was made, it was his duty to obtain possession thereof, if it belonged to the insolvent estate and he had knowledge of its existence. The ninth section of the act provides that the creditors, or a creditor, upon securing the assignee against costs or liability, may sue in his name, when he neglects or refuses to do so, to recover, collect and cause to be applied for the benefit of creditors, any property conveyed or transferred by the assignor previous to and in contemplation of an assign-

ment. But that is not the case made by the petition; it alleges that the cotton came into the hands of the assignee as a part of the estate of the insolvent, to be administered for the benefit of his consenting creditors, and that he and some of the appellees have converted the same and applied it to a use foreign and hostile to that for which he received it. Under such facts it was not necessary nor proper to bring the suit in his name, and it was properly brought by some of the creditors for the benefit of all. Story's Equity Pl., 157, 216; Hill on Trustees (marginal), 519, 191.

By the act under which the assignment was made, all consenting creditors are not required to file their claims with the assignee before the expiration of six months from the publication of notice of his appointment; but such as have no knowledge of the assignment may file their claims at any time prior to the distribution of the assets, and they will be entitled to their distributive shares as fully as though they had filed their claims within six months after publication of notice.

This provision evidences the propriety, if not the necessity, of permitting some of the creditors to maintain for themselves and the other creditors such suits for the security or recovery of any part of the trust estate as may be necessary, at any time after the assignment is made until final distribution.

It is urged that the petition is defective in that it does not explicitly state that there is not sufficient of the estate of the insolvent, exclusive of the one hundred and six bales of cotton alleged to have been misapplied, yet in the hands of the assignee to satisfy the claims of creditors.

The averments of the petition in this respect are not as full as they perhaps ought to be; but as the demurrer was general, and did not point out any particular defect, if the petition shows with reasonable certainty that the credit-

ors will suffer loss by the abstraction of the value of the cotton from the assets of the estate, it is sufficient upon general demurrer.

The statute under which the assignment was made was enacted for the benefit of *insolvent debtors* and their creditors, and no presumption arises that such debtors as avail themselves of its provisions are solvent.

The petition alleges that the assignor was indebted in about the sum of $12,000; that the value of the cotton alleged to have been misapplied was of the value of more than $8,000; and that by the misapplication thereof the creditors of the estate have been damaged in the sum of $8,000; that the bond executed by the assignee was for only $5,000.

The property alleged to have been misapplied is of a value much larger than the bond which the assignee gave to secure the faithful performance of his duties; and it is not to be presumed, especially upon general demurrer, that the amount of the bond was fixed at a sum less than the value of the property which the insolvent's schedule showed was in his hands and passed to the assignee by the assignment. The cotton alleged to have been misapplied is shown by the petition to have been of value equal to two-thirds of the indebtedness of the assignor, and of a character such as would find a ready cash sale for its full value.

Under these facts, we are of the opinion that, on the ground now under consideration, the general demurrer should have been overruled. 21 Tex., 785; 24 Tex., 292.

It is urged that the petition was defective in that it did not allege that the assignee and the sureties upon his bond were not solvent. This position cannot be maintained; for the bond is for a sum much less than the value of the property alleged to have been misapplied, and for an amount less than half of the alleged indebtedness of the estate.

It is urged that an application to the district court for the removal of the assignee and the appointment of another cannot be maintained, because the statute under which the assignment was made provides for the removal of the assignee and the appointment of another by a judge of the district or county court.

If the only relief sought by the petition was the removal of the assignee and the appointment of another, there would be some force in this proposition; but this relief is only incidental to the other relief sought by the petition, and we are of the opinion that the district court, under its general equity powers, has full jurisdiction to grant all the relief prayed for.  Smith v. Smith, 11 Tex., 105; Long v. Wortham, 4 Tex., 382; Crain v. Crain, 17 Tex., 85; Newson v. Chrisman, 9 Tex., 116; Becton v. Alexander, 27 Tex., 666; Story's Equity, 1191, 1287, 1288, 1289.

The appellees are all proper parties to this suit (Teas v. McDonald, 13 Tex., 349), and there is a manifest propriety in so making them; for all the rights of the parties, not only between the appellants and appellees, but between the sureties of the assignee and the other appellees, if any be shown upon the final trial, may be adjusted therein without resort to another suit.

For the error of the district court in sustaining the demurrer and dismissing the cause, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.