## HATTIE E. PUTMAN V. WHEELER & RHODES.

(Case No. 20f 9 )

1. CITATION—SUIT BY PARTNERS—STATEMENT OF FIRM NAME SUFFICIENT—Where two or more persons sue as partners, it is sufficient, all other requisites of the process being complied with, if the citation states the firm name without further description of the plaintiffs, their individual names being stated in the petition.
2. SAME—SUIT BY PARTNERS—OMISSION OF FIRM NAME IN PETITION NOT A DEFECT IN PROCESS—PLEADING—In a suit brought by a firm, failure to state in the petition the name of the firm, is a point on the pleadings, and not a defect in the process.
3. CONTRACTS—SUIT FOR ABANDONMENT MAINTAINABLE WITHOUT AVERRING OCCURRENCE OF EVENT, TO WHICH PERFORMANCE ON PART OF DEFENDANT DEFERRED—PLEADING—P. contracted with W. & R., a firm of lawyers, for their services in her behalf in the matter of the estate of her deceased husband, in which she had a large interest, agreeing to pay them $5,000 as soon as she was in funds from the estate. W. & R. at once entered upon their employment under the contract, but P. shortly afterwards discharged them, without cause, notifying them that she had employed other counsel, and refusing to accept further service from them. *Held:*
    (1) That W. &. R. might maintain an action against P. for such breach of the contract without averring that P. was in funds from her deceased husband's estate. (Citing 1 Suth. on Damages, 175.)

ERROR from Galveston. Tried below before the Hon. W. H. Stewart.

Royal T. Wheeler and Harry W. Rhodes, co-partners in the practice of law, brought this suit, in the district court of Galveston county, against Hattie E. Putman, to recover damages for breach of contract, alleging, in substance, that they were duly employed as attorneys and lawyers, September 12, 1884, by Hattie E. Putman, to represent her in the administration of the estate of her deceased husband, and against his next of kin, who were claiming the entire estate, valued at $250,000, to her exclusion ; that for their professional services, to be rendered under that employment, defendant agreed to pay them the sum of $5,000, so soon as she would be in funds from the estate ; that, in pursuance of their employment, plaintiffs entered upon the duties and obligations of the same, counselling and advising defer dant as to her rights under the law, and instructing her fully as to the course to be pursued by her, to preserve and recover the estate, and expended much time and labor in the preparation of her defense against the parties who were invading and disputing her rights ; that some time thereafter defendant, without any cause or notice, discharged plaintiffs, informing them that she had employed other counsel to represent her ; that plaintiffs protested against this conduct, expressed their ability and willingness to perform their part of the contract, and repeatedly tendered their services to do so, but the

defendant refused to carry out her agreement or to permit plaintiffs to perform their part of the contract, and, without cause or reason, broke the same, to the damage of plaintiffs in $5,000.

The petition alleged the residence of the defendant to be in Galveston county. Service was had in due time to the December term, 1884, of the district court of Galveston county, and on the fifth day of the term, upon the call of the appearance docket, defendant having failed to file an answer, plaintiffs took a judgment by default against her, with a writ of inquiry. No trial by jury being demanded, the court heard the evidence as to the damages, and assessed the same at $5,000, and rendered judgment for that sum.

The citation, omitting the address and attestation, is as follows:

"You are hereby commanded to summon Hattie E. Putman, if to be found in your county, by serving her with a copy of this writ, to be and appear before the honorable the judge of the district court for the twenty-sixth judicial district, at a district court to be holden in and for the county of Galveston, on the first Monday in December, 1884, to answer the petition filed in said court, on the 27th day of October, 1884, in cause No. 12,182—Wheeler & Rhodes, plaintiffs, v. Hattie E. Putman, defendant. Plaintiffs sue upon contract, which is made part of their petition, alleging that the defendant is indebted to them in the sum of $5,000, as attorneys' fees, in the matter of the representation of her interest in the estate of her deceased husband, John Putman, said contract having been executed on the 12th day of September, 1884. Plaintiffs allege breach of contract on part of defendant, and faithful rendition of service on their part, and refusal of defendant to pay them for their services, as she contracted to do.

Herein fail not, and due return make of this writ."

The petition stated the names of the plaintiffs to be Royal T. Wheeler and Harry W. Rhodes, co-partners and lawyers, without giving the style of the firm,

The caption, address and attestation of the citation were in due form.

From the judgment of the court the defendant has prosecuted this writ of error, assigning the following as errors:

1. The citation is insufficient, because it does not state the names of the parties to the suit.

2. The citation is insufficient, because it does not give the file number of the petition.

3. The citation is insufficient, because it is not made returnable on the first day of the next term of the court after its issuance.

4. The citation is insufficient, because it does not summon the defendant to appear and answer the plaintiffs' petition.

5. The citation is insufficient, because it does not correctly state the nature of the plaintiffs' demand.

· 6. The petition is insufficient in law and cannot support the judgment.

7. The petition is insufficient, because it does not allege that plaintiff in error was in possession of funds of the estate of John Putman.

*J. B. Stubbs* and *Davis & Garnett*, for plaintiff in error, on the insufficiency of the citation, cited : R. S., arts. 1215, 1443 ; Heath *v.* Fraley, 50 Tex. 209 ; Battle *v.* Eddy, 31 Tex. 368 ; Norvell *v.* Garthwaite, 25 Tex. 583 ; Burleson *v.* Henderson, 4 Tex. 49.

On the insufficiency of the petition, they cited : Salinas *v.* Wright, 11 Tex. 572 ; Mitchell *v.* Clay, 8 Tex. 443 ; Rowlett *v.* Lane, 43 Tex. 274 ; Carlisle *v.* Hooks, 58 Tex. 420 ; 1 Chitty on Plead., 327.

*M. E. Kleberg*, for defendants in error, that the citation was sufficient, cited : Pipkin *v.* Kauffman & Runge, 62 Tex. 547-550 ; Freeman on Judg., sec. 126 ; I. & G. N. R'y Co. *v.* Brett, 61 Tex. 486, 487; R. S., arts. 1215, 1216, 1443 ; Andrews *v.* Ennis, 16 Tex. 46, 47; Dikes *v.* Monroe, 15 Tex. 237, 238 ; Acts 18th Leg., spec. sess., p. 11 ; H. & T. C. R'y Co. *v.* Burke, 55 Tex. 339.

On the sufficiency of the petition, he cited : 1 Chitty on Plead., 335, and note *h ;* Chitty on Cont., 11 Am. ed., 1083, 1084 ; 1 Suth. on Damages, 175, 176 ; Mullaly *v.* Austin, 97 Mass. 32, 33, and cases there cited ; Newcome *v.* Brackett, 16 Mass. 161 ; Wooters *v.* I. & G. N. R'y, 54 Tex. 298.

ROBERTSON, ASSOCIATE JUSTICE.—The law requiring the names of the parties to be stated in a citation was not changed, but continued, by the Revised Statutes. In certain cases the service of the writ is now perfect without delivering a copy of the petition, and for this reason new features have been added to the citation. But the requirement that the names of the parties shall be stated in the writ remains as it was before, and, as it was before, has been held fulfilled by stating in the writ the partnership names of the plaintiffs, when the suit is by partners. Andrews *v.* Ennis, 16 Tex. 46 ; Dikes *v.* Monroe, 15 Tex. 236. This was a very liberal interpretation of the statute, and was induced by the fact that at that time a copy of the petition always accompanied the writ. Still it was an interpretation of the language, which must be considered as known to and approved

by the codifiers and legislature in repeating the provision, without any change in the phraseology indicative of a purpose to change the construction. To supply the place of the copy of the petition, the number of the case, when the suit was commenced and the nature of plaintiffs' demand are required to be stated in the writ. In other respects, the requisites prescribed in the old law, as construed, were deemed sufficient, notwithstanding the absence of the copy of the petition. If the only change had been the dispensing with the copy of the petition, the construction based upon the fact that the writ was accompanied with such copy would cease with its reason, but the legislature, in dispensing with the copy of the petition, has required the writ to contain the information deemed sufficient to supply its place, and it is not the part of a court to supplement what the law-making power has considered adequate, by increasing the stringency of unchanged requisites of the process. Giving the firm name of the plaintiffs was not such defect in the citation as required the reversal of the judgment. The firm name was not stated in the petition, but it was signed to the contract made part of the petition. The plaintiffs in the suit were thus identified as "Wheeler & Rhodes," and the writ identified the suit. There was no variance between the petition and the writ. The omission to state the firm name in the petition is a point on the pleadings, and not a defect in the process. Other defects in the writ are assigned, but none are pointed out in the brief of appellant's counsel, and a careful examination of the writ has disclosed none to our discernment.

If the plaintiffs had been suing for a breach of that part of the contract which bound defendant to pay them the sum of $5,000 as soon as she should realize from her husband's estate, that she had realized would be a necessary averment in the statement of the cause of action. The part of the contract alleged to be broken is that which, without condition, engaged the plaintiffs as the defendant's attorneys. For this breach, which involved the repudiation of the entire contract, and prevented the plaintiffs from earning the compensation contracted for, or even suing upon the qualified promise, the defendant was immediately liable. 1 Suth. on Damages, 175.

We find no error authorizing the reversal of the judgment, and it must be affirmed.

AFFIRMED.

[Opinion delivered February 23, 1886.]