No. 6011.

## McIlhenny Co. *v.* G. W. Todd et al.

1. ASSIGNEE FOR BENEFIT OF CREDITORS.—An assignee, under the statute, for the benefit of creditors, can not divest himself of his fiduciary character nor relieve himself of responsibility as such by abandoning the trust estate nor by conveying it to another.

2. SAME—LIMITATION.—Until such assignee is relieved from his position and from his liabilities, limitation does not run in his favor against any one or more of the creditors interested in the trust estate.

3. SAME—REMOVAL OF.—At instance of one or more of the creditors an assignee delinquent as trustee may be removed by order of the district court under its equity jurisdiction.

4. SAME—JURISDICTION.—Jurisdiction of the district court is not dependent upon the amount of the claim of the creditor or creditors asking the protection of the trust estate in the hands of an assignee.

5. SAME—ACCOUNTING.—The right of a creditor to sue in the district court to compel the assignee to account and to pay over, etc., would not be dependent upon the amount, nor would such action against the trustee be barred by limitation.

6. PLEADING—GENERAL DEMURRER.—In the petition by a creditor to remove an assignee, it was alleged that payments had been made upon the claim of the plaintiff by the assignee; on general demurrer it will be presumed that the claim of the plaintiff had been presented under the statute. The allegation of payment including such allegation.

APPEAL from Mason. Tried below before the Hon. A. W. Moursund.

The case is fully stated in opinion.

*Marshall Fulton* and *J. D. Bridges,* for appellant: The plea to the jurisdiction of the court by exception was not well taken. The district court had jurisdiction to enforce the performance of this trust; had jurisdiction to cancel the deed from the assignees to the assignor, conveying to him the trust property; had jurisdiction to remove the cloud from the title to the land the trust estate occasioned by this deed; had jurisdiction over the subject matter of this suit.

As to title of property assigned, and how protected: Leaky v. Gunter, 25 Texas, 400; Blum v. Wettermark, 56 Texas, 80, cases cited in opinion; Shepherd v. McEvers, 4 Johns. Ch. 136;

Hudson v. Willis & Bro., 65 Texas, 694; Moses v. Murgatroyd, 1 Johns. Ch., 119; Burrill on Assign., Subject Acceptance by Assignee, cr. 24, pp. 306, 308, 309, 2 ed.; Keller v. Smalley & Harris, 63 Texas, 519; Jones v. Pyron, 57 Texas, 43; Blum v. Wellborne, 58 Texas, 157; Seal v. Duffy, 4 Barr., 272; Strong v. Willis, 3 Fla., 124.

That this trust property was disposed of wrongfully: Act of March 24, 1879, Assignments for Benefit of Creditors, Acts Sixteenth Legislature, p. 57; Burrill on Assign., ch. 42, Title Sale of Assigned Property, p. 497, 2 ed.; Keating v. Vaughn, 61 Texas, 518; Shepherd v. McEvers, 4 Johns. Ch., 136; Dimmock v. Brixby, 20 Pick., 368.

Court having acquired jurisdiction for part, will hold for all purposes: Banton v. Wilson, 4 Texas, 404.

The appellant's right to assert and protect his interest in the estate of the assignor was not barred by the statute of limitations pleaded, nor any limitations, and appellant's right of recovery made by the whole case in the petition should be sustained. (Williams v. Durst, 35 Texas, 421; Sprague v. Ireland, 36 Texas, 654; Fisk v. Wilson, 15 Texas, 431; Hart v. Rust, 46 Texas, 556; Givens v. Davenport, 8 Texas, 451; Miles v. Crawley, 4 Price, Ex., 103, Ex Parte Ross, In re Coles, 2 Elgn & Jarm, 46; Coates Estate, 2 Parsons, Penn. Select Eq. Cases, 258; Whiteside v. Whiteside, Penn. Sup. Ct., decided 1853; Ortman v. Curtis, 1 Cush., Mass., 461; Hemmenway v. Gates, 5 Pick., Mass., 421; Guphill v. Isbill, 1 Bailey S. C., 230; Burrill on Assignment, ch. 46, title "Closing of Trust," 2 ed., 551; Angell on Lim., 6 ed., secs. 167, 169, 468; Hudson v. Willis & Bro., 65 Texas, 694.)

Appellant's right to compel the assignees to account for the moneys and collect and get settlement of the estate and his claim is not barred. (Grumbles v. Grumbles, 17 Texas, 473; Wofford v. Unger, 53 Texas, 634; Rush v. Barr, 1 Watts, Penn., 110; Lyon v. Marclay, Id., 271; Burrill on Assignments, 2 ed., ch. 42, title "Close of Trust," 551; Act March 24, 1879, Sixteenth Leg., p. 57.)

Acker, Presiding Judge. There being no appearance here for appellees, we regard appellant's brief as a proper presentation of the case. (Rule 40, Supreme Court Rules.)

Appellant brought this suit August 31, 1886, against appellees G. W. Todd, Henry H. Todd, Louis Bream and D. Doole.

The petition alleges that on the twenty-fourth of August, 1880, G. W. Todd, being then indebted to appellants in the sum of four hundred and sixty-three dollars and seven cents, made an assignment of all his property, except such as was exempt from forced sale, for the benefit of such of his creditors as would consent to accept their proportional share of his estate and discharge him; that by the deed of assignment Henry H. Todd and Louis Bream were appointed assignees; that the as- signees qualified, took possession of the estate, and began the execution of the trust; that the property belonging to the es- tate, of the value of about eighteen thousand dollars, was re- ceived by the assignees Todd and Bream; that appellant was named in the list of creditors attached to the deed of assign- ment, said list showing the indebtedness of the assignor to be about ten thousand dollars; that the assignees executed bond as such in the sum of one thousand dollars, with D. Doole and H. Nicholas as sureties; that appellant accepted under the as- signment and received from the assignees the following amounts, which were credited on his claim: April 11, 1881, eighteen dollars and thirty-six cents; September 26, 1881, fifty- four dollars; that on the tenth day of August, 1882, Henry H. Todd, as assignee, conveyed by deed to G. W. Todd, the as- signor, all of the real estate conveyed to the assignees, to- gether with all of the personal assets belonging to the assigned estate which had not been collected or disposed of by the as- signees, which deed was afterward, on the thirtieth day of January, 1886, signed and acknowledged by the other assignee, Louis Bream; that this deed is fraudulent, without considera- tion and void; that the assignees have abandoned the trust, and have not, since the tenth day of August, 1882, exercised any control over the assets of the assigned estate; that the assignees have never made any report of the property that came into their hands, nor any report of the disposition they made of the same; that the assignees failed to distribute the assets of the estate among the creditors thereof; that of the personal property and notes and accounts that came into their hands, the assignees, by sale and collections, realized the sum of twelve thousand dollars; that appellant's account has never been paid, except the credits mentioned; that Nicholas, one of the sureties on the assignees' bond, is a non resident of the State and is insolvent.

The prayer is for the removal of the assignees and appoint-

ment of others to execute the trust, for the cancelation of the deed made by the assignees to the assignor; that the property be sold and the creditors' claims paid, and in the event it should appear that the property of the estate has been sold by the assignee and the proceeds received by them, then for judgment against the assignees and their bondsmen for the amount due appellant and other creditors to the extent of money in the hands of the assignees; for one thousand dollars attorney's fee to be taxed as cost. And in the event the appellant should be mistaken in the relief sought, or asked for the wrong relief, or not sufficient relief, then for such relief as appellant and other creditors may be entitled to.

To this petition appellees answered by general demurrer, special exception setting up the statute of limitation, and exception and plea to the jurisdiction of the court upon the ground that appellant's claim was not sufficient in amount to give the court jurisdiction, all of which were sustained by the court, and judgment entered dismissing the suit.

The correctness of this judgment is questioned by appellant, and the question is presented here by proper assignments of error.

The prayer of the petition is very comprehensive, and seeks a variety of relief. But relief can not be granted upon the prayer, beyond what is authorized by the allegations of the petition. Under a prayer like this the court could have granted such relief as the case made by the allegations of the petition demanded, and refused to grant so much of the relief prayed for as was not authorized by the petition.

It is obvious that the primary object of the suit was the removal of the assignees, and the appointment of others to perform the trust in the interest of all creditors who had accepted the benefit of the assignment, and shown themselves entitled to participate in the distribution of the assigned estate. It appears from the allegations of the petition that the assignees were not only guilty of the most flagrant laches, but also guilty of willful perversion of the trust and misapplication of the trust estate.

Upon the execution of the deed of assignment, the title to all propery owned by the assignor, not exempt from forced sale, passed from the assignor, and upon the qualification of the assignee it vested in them for the purposes of the trust. In accepting the trust, they assumed to execute it according to

the terms and conditions prescribed by law governing the administration of an insolvent's estate in the hands of assignee. By the provisions of that law they are required to collect the assets, convert them into money and to distribute the money ratably amongst such creditors of the assignor as have, in compliance with the requirements of law, proven themselves entitled to receive it. Having done this, it then devolves upon the assignees to make their report to the proper court showing assets received by them and the disposition made of assets so received. If this report is satisfactory to the court and is approved the assignees are then in condition to ask, and are entitled to receive, their discharge. They can not divest themselves of their fiduciary character nor relieve themselves of responsibility as assignees by abandoning the trust estate, nor by conveying it to another. Until they are relieved of the position and consequent responsibilities of assignees by resignation, removal or discharge by order of the proper court, the statute of limitation does not run in their favor as against a creditor of the assignor who has shown himself entitled, under the provisions of the statute, to the benefits of the assignment.

Section 14 of the act of 1879, in relation to assignments for the benefit of creditors, General Laws, page 60, provides that, "if any assignee becomes unsuitable to perform the trust, refuses or neglects so to do, or mismanages the property, the county judge, or judge of the district court, may, upon the application of the assignor, or one or more of the creditors, upon reasonable notice to all parties interested, by publication or otherwise as such judge may direct, remove such assignee, and in case of vacancy, by death or otherwise, shall appoint another in his place who shall have the same powers and be subject to the same liabilities as the original assignee."

This statute expressly gives the right to "one or more" of the creditors to make the application for the removal of the assignee, and the statute does not make the right, in any way, dependent upon the amount of the claim due to the creditor making the application.

It was held by this court, in Blum v. Wettermark, 56 Texas, 80, that the district court, under its general equity jurisdiction, has the power to remove an assignee and appoint another to execute the trust. Such proceeding inures to the benefit of all creditors interested in the assigned estate, and we are unable to discover any reason in support of a rule of law that would

limit the exercise of this jurisdiction to cases in which the claim of the creditor making the application is for an amount within the jurisdiction of the court, in suits where jurisdiction is dependent upon the amount.

The statute of limitation was interposed in behalf of all of the appellees, and was sustained as to all of them. In so far as the suit was an application for the removal of the assignees and the appointment of others, we have determined that neither limitation nor the plea to the jurisdiction was available. Under the facts stated in the petition the court might have entered judgment removing the assignees, appointing others and canceling the conveyance made by the assignees to the assignor, the title to the property vesting by operation of law in the new assignees. If the assignees had had the right to convey the trust estate to the assignor, their power to convey was joint, and the deed by one of them could not operate as a conveyance of the title. (Hart v. Rust, 46 Texas, 574.) There was, therefore, no limitation nor want of jurisdiction as to the appellee, G. W. Todd.

In so far as it is sought to recover judgment against the assignees, and the surety on their bond, the prayer is for judgment for the amounts due all creditors entitled to distribution under the assignment, to the extent of money withheld or misapplied by the assignees. This judgment is asked only in the event that it should appear that the assignees held funds which such creditors were entitled to have applied to the payment of their claims. In this particular the purpose of the suit was to compel the assignees to account, and to obtain a judgment establishing the extent of their liability to the trust estate; and we think the district court had jurisdiction to hear and determine such a suit, without regard to the amount claimed by appellant. (Wynne v. Hardware Co., 67 Texas, 42.) Such a judgment might have been rendered in favor of appellant for the use of itself and other creditors, directing that the proceeds arising therefrom be deposited in the court, to be distributed in compliance with the terms and conditions of the assignment and the provisions of the statute. The equity jurisdiction of the court having been invoked for the purpose of compelling the performance of the trust, for the benefit of all consenting creditors, the prayer being in the alternative, we think the court had the power to grant the necessary relief, either by removing the original assignees and appointing

others in their stead, upon whom the duty would then devolve of protecting the assets and enforcing the rights of the trust estate against the original assignees; or, by compelling an account, rendering judgment for the amount and directing the distribution to be made under its supervision and control.

It is not in terms alleged in the petition that appellant had filed with the assignees a statement of the nature and amount of its claim, as required by section 7 of the statute, but there is no special exception to the petition upon this ground. It is alleged in the petition that "appellant accepted under the assignment," and that the assignees made two payments on its claim. As against a general demurrer, the presumption must be indulged that the assignees did not pay the funds of the trust estate to a person not entitled to receive them, and that appellant not only consented to the assignment, as required by section 5 of the statute, but filed the statement and affidavit, as required by section 7, and thereby became an accepting creditor, entitled to participate in the distribution of the assets of the estate.

For the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 16, 1888.

Stayton,
*Chief Justice.*