G. BECKER v. A. J. SHAYNE ET AL.

No. 6378.

**Suit Against an Assignee.**—A creditor who accepts under a statutory assignment for the benefit of creditors may, without reference to the amount of his claim, maintain an action in the District Court against a fraudulent assignee and his sureties, who has wrongfully appropriated the assets, and for the appointment of his successor to execute the trust.

APPEAL from Wilbarger. Tried below before Hon. P. M. Stine. The opinion states the case.

*Frank McGehee,* for appellant. — 1. The assignee and also his bonds-

men are liable to the consenting creditors if such assignee collude with a third party in the conversion of the assigned property; and that liability arises under the very conditions and purposes of such assignee's bond under the assignment act.    Acts 1883, p. 46, sec. 6; Wynne v. Hardware Co., 67 Texas, 40; Weider v. Maddox, 66 Texas, 372.

2.    The measure of damages as against Shayne and his bondsmen is the value of the estate of B. Tobolowsky at the time Mittenthalls and Shayne converted same, and interest on same; this to enure to consenting creditors, and surplus over their claims to go over to Tobolowsky.   Wynne v. Hardware Co., 67 Texas, 40; Block, Oppenheimer & Co. v. Sweeney & Coombs, 63 Texas, 419.

3.    The court erred in sustaining third special exception, because the fact that plaintiffs had more than one remedy does not preclude them from selecting their own course, and it is not necessary to state why the others were not resorted to instead of the remedy they have chosen. Bliss Code Plead., sec. 1117.

*Kearby & McCoy*, for appellees.—1.    The District Court of Wilbarger County had no jurisdiction over the subject matter of this suit.    Appellant's claim amounts to $96.75.

2.    The sureties of A. J. Shayne are not responsible for assets which never came into the actual possession of the assignee Shayne.

ACKER, PRESIDING JUDGE.— A. J. Shayne accepted the trust and qualified as assignee of the estate of B. Tobolowsky, who had made a statutory assignment for the benefit of his creditors.    G. Becker accepted the assignment on a claim for $96.75.    Paul Haefle and Joseph Schmidt became sureties on Shayne's bond as assignee.    A. & E. Mittenthall took the entire assets of the assigned estate and converted them to their own use.    Shayne abandoned the assets and his duties as assignee, refused to bring suit for the assets, became the agent and employe of the Mittenthalls, and afterwards left the State of Texas without making any report of his acts as assignee.    Becker brought this suit as an accepting creditor against Shayne and the sureties on his bond to recover the value of the assets of the assigned estate, alleged to be $5000, which it was alleged he corruptly aided the Mittenthalls to convert, and for the removal of Shayne as assignee and the appointment of a suitable person as assignee to carry out the trust.    The petition alleged the facts stated with much particularity. The defendants answered by general and special exceptions, which were sustained, and the plaintiff declining to amend, the suit was dismissed and plaintiff appealed.

We deem it unnecessary to state the grounds of the several special exceptions, and think it sufficient to say that in our opinion the petition

stated a case of which the court had jurisdiction and which it should have entertained.

The suit was brought for the purposes of removing the assignee and the appointment of another to carry out the trust in the interest of the accepting creditors, and to recover on the bond of the delinquent assignee the damages such creditors had sustained in consequence of his corrupt participation in the fraudulent conversion of the trust estate. It is settled that "one or more" of the accepting creditors may maintain a suit in the District Court for the removal of an assignee appointed and qualified under a statutory assignment, without regard to the amount of the claim held by such creditor. McIlhenney Co. v. Todd, 71 Texas, 400.

The statute requires the assignee to execute bond "conditioned that he will faithfully discharge his duties as such assignee," and also provides that such bond "shall enure to the benefit of the assignor and the creditor or creditors, who may maintain an action thereon against such assignee and sureties, in his or their own names jointly, or severally, for any breach thereof or violation of this law by reason of which such assignor or creditor shall sustain damage." Gen. Laws 1883, p. 46.

The court having jurisdiction by reason of the value of the assigned estate would retain the case and exercise jurisdiction for all purposes of the suit. McIlhenney Co. v. Todd, supra.

For the error in sustaining the exceptions we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 13, 1890.