### GRAHAM HOTEL CORPORATION et al. v. LEADER. (No. 9948.)

(Court of Civil Appeals of Texas. Fort Worth. April 15, 1922.)

**1. Partnership ⟨key⟩213(1) — Petition held to sufficiently charge the defendant a partnership.**

Petition "complaining of the G. —— Corporation, an association or partnership or stock company or association, the exact status of which is unknown, but, for the purposes hereof, which plaintiff charges and alleges to be a partnership, composed of" named persons, *held* to sufficiently charge a partnership.

**2. Partnership ⟨key⟩205—Service on one member brings firm before court.**

Service on one member of a partnership brings the firm before the court, and a judgment thereon is binding on the partnership and the member served.

**3. Partnership ⟨key⟩205—Where one partner was served, appearance of other partners gave court jurisdiction over their persons.**

Where only one of the three partners of the defendant partnership was served, but the other two appeared in court and filed their written answers, the trial court had jurisdiction over their persons and could render judgment against each of them individually.

**4. Evidence ⟨key⟩472(1)—Defendants sued as partners cannot give their opinion as to existence of partnership.**

Defendants being sued as partners could not testify that they were not partners, but should limit their testimony to a statement of the facts tending to show nonexistence of the

---

partnership relation; a question of the existence of the partnership being for the court.

**5. Joint-stock companies ⬅➡15(1)—Provision limiting liability of members of unincorporated association not effectual as to creditor without knowledge thereof.**

Members of unincorporated association doing business under a declaration of trust not recorded in the deed records of the county could not limit their personal liability for debts incurred by a provision of the declaration of trust of which the creditor had no knowledge.

**6. Appeal and error ⬅➡1011(1)—Trial court's finding on conflicting evidence conclusive.**

Trial court's conclusion on conflicting evidence is conclusive on the Court of Civil Appeals.

**7. Corporations ⬅➡30(5)—Persons who organized a trust estate and elected themselves trustees preliminary to organization of corporation held liable as partners for debts incurred in organization of corporation.**

Where three persons entered into an agreement to operate a hotel contemplating the incorporation of a hotel company after the sale of all of its stock and preliminary to the incorporation of the company organized a trust estate, elected themselves trustees and officers, and endeavored to sell the corporate stock, they were liable as partners to a creditor without notice of any limitation as to liability for debts incurred by one of them in the organization of the corporation.

Appeal from Young County Court; W. H. Reeves, Judge.

Suit by the Graham Leader against the Graham Hotel Corporation, G. A. Bryant, J. J. Gallaher, and Fred T. Arnold. Judgment for plaintiff, and defendants appeal. Affirmed as to defendants Gallaher and Arnold, and others left undisturbed.

Fred T. Arnold, of Graham, for appellants.

Johnson & Johnson, of Graham, for appellee.

BUCK, J. This is a suit on open account by the Graham Leader, a newspaper published at Graham, against the Graham Hotel Corporation, alleged to be a partnership composed of G. A. Bryant, J. J. Gallaher, and Fred T. Arnold, and the three alleged partners mentioned.

The main question presented on this appeal is as to the liability of J. J. Gallaher and Fred T. Arnold for the debt incurred for the hotel corporation by G. A. Bryant. The account was for printing and advertisements, and no question is raised as to the correctness of the account, or that G. A. Bryant is liable therefor.

[1] The first proposition urged is that the trial court erred in overruling defendants' general demurrer: (1) Because plaintiff does not charge that the Graham Hotel Corpora-

tion is a partnership; (2) no recovery is asked for against the defendants individually; (3) that the only service asked for was against the hotel corporation, by serving its secretary and agent. The beginning of the petition is as follows:

"Now comes the Graham Leader, a firm and partnership composed of Frank H. Bowron and Edgar McLendon, both of Young county, Tex., doing business under the name of the Graham Leader, hereinafter called plaintiff, complaining of the Graham Hotel Corporation, an association or partnership or stock company or association, the exact status of which is unknown, but, for the purposes hereof, which plaintiff charges and alleges to be a partnership, composed of G. A. Bryant, J. J. Gallaher, and Fred T. Arnold," etc.

We think the petition sufficiently charges a partnership. We have examined the authorities cited by appellants, such as Ewing v. Duncan, 81 Tex. 230, 236, 16 S. W. 1000, and McIlhenny Co. v. Todd, 71 Tex. 400, 406, 9 S. W. 445, 10 Am. St. Rep. 753, and do not find such authorities contrary to our present conclusion.

[2, 3] Service on one member of a partnership brings the firm before the court, and a judgment thereon is binding on the partnership and the member served. Hedges v. Armistead, 60 Tex. 276; Alexander v. Stern, 41 Tex. 193; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990. But in the instant case the defendants Gallaher and Arnold both appeared in court and filed their written answers. Thus the trial court had jurisdiction over their persons, and could, in the event liability was shown, render judgment against each of them individually.

In the prayer for relief the petition says, "Wherefore plaintiffs pray the court that defendant be cited to appear and answer this petition, and that he (?) have judgment for his debt, $233.75," and winds up by asking for special and general relief.

Judge Townes, in his work of Pleading (page 506), says:

"It is customary to pray for citation against all the defendants, naming them, requiring them to appear and answer at the proper term of court. There are authorities in equity which hold that complaining against a party in the body of the bill without following it by a prayer for process against him does not make him a party defendant, and that only those specifically mentioned in the prayer for process are in fact defendants in the suit. Cases intimating this may be found in the Texas Reports, but there is nothing in the statutes or the rules requiring it, and it is not believed to be essential although it is desirable."

We believe Judge Townes here sets out the rule in Texas as to this matter. The first proposition is overruled.

[4] The second assignment is to the effect

---

that the trial court erred in refusing to permit the defendants to testify that they were not partners. We think that the objection urged by plaintiffs below that such evidence called for a conclusion of the witnesses as to what constituted partners and a partnership was well taken. The witnesses would be limited in their testimony to facts which tended to show that no partnership existed, but whether these facts did or did not show that a partnership did in fact exist was for the court to decide.

[5, 6] The third assignment is to the action of the court in refusing to hear testimony that the hotel corporation was acting under a declaration of trust which provided that the trustees were not personally responsible for the debts of the concern, and the fourth assignment complains of the action of the court in ruling that such declaration of trust was inadmissible unless recorded in the deed records of Young county. If such declaration of trust had a provision that the trustees were not liable for the debts of the concern, at any rate such provision would not be operative against a creditor who had no knowledge of the existence of such restriction, and there is no testimony in the statement of facts that the plaintiffs ever had any knowledge or notice of such provision. Gallaher testified that F. H. Bowron called him up over the phone and told him that Bryant was down there with a lot of advertisements that he wanted printed, and that he had done a lot of work for Bryant and did not want to do any more until he found out about the pay. That the witness told Bowron that he would not pay any of the bill or bills made by Bryant. But neither in the testimony of Gallaher nor Arnold is there any claim that either of them told Bowron of such a provision in the declaration of trust. Bowron testified that he had no conversation with either Gallaher or Arnold until after all the work charged for in the account sued on had been done. As to this conflict of testimony, the trial court evidently believed Bowron, and by this conclusion we are bound. Therefore, it becomes immaterial as to whether the trial court ruled correctly or not in excluding evidence as to the contents of the declaration of trust. It may be said here that trustees, even where the declaration of trust under which they act specifically provides that they are not personally liable for the debts of the trust estate, are nevertheless held liable as principals as to third persons dealing with the trust without notice of such limitation. Sergeant v. Goldsmith Dry Goods Co., 110 Tex. 482, 221 S. W. 259, 261, 10 A. L. R. 742; McCamey v. Hollister Oil Co. (No. 9732, handed down by this court on March 18, 1922) 241 S. W. 689.

Hence we find no reversible error presented by assignments 4 and 5.

[7] Nor do we think assignment 6, to the effect that the trial court erred in holding that appellants Arnold and Gallaher were liable, should be sustained. They both testified that they and Bryant entered into an agreement to build and operate a hotel in Graham; that the hotel company was to be incorporated when they had sold and had subscribed all of its stock. But preliminary to this being done, they organized a trust estate, elected themselves trustees and officers, and proceeded to try to sell the corporate stock. We think under this arrangement they were liable as partners for any debts incurred to any one who was, at least, without notice of any limitation as to the liability of Arnold and Gallaher for any debts incurred by Bryant in the organization of the corporation.

All assignments are overruled, and the judgment is affirmed as to appellants Gallaher and Arnold, and otherwise left undisturbed.