**PARKER v. BOYLES et al.**

No. 11810.

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1946.

Rehearing Denied Dec. 5, 1946.

Louis W. Graves, Jr., of Houston, for appellant.

Chas. W. Bell and John H. Crooker, both of Houston (Fulbright, Crooker, Freeman & Bates, of Houston, of counsel), for appellees.

GRAVES, Justice.

Appellant, in her dual-capacity as administratrix of the respective wills of her maternal grandfather, C. H. Blount, and of her mother, Ruthe Blount Hunt (she being termed appellants in the briefs), in her trial petition in this suit (her third amended one, filed herein on November 1, 1945) sought against the appellees, Boyles and Billingsley, a firm of lawyers, and against the other appellees subsidiarily, the outright cancellation of a contract her mother, during her lifetime, had made with them for their legal services as such attorneys, to be rendered to herself individually and to her as the then independent executrix of her father's estate, which had been evidenced by two complementary writings between herself in such two capacities and those attorneys, one a letter dated October 6, 1938, the other a deed dated August 23, 1939, copies of which documents are hereto attached as Exhibits 1 and 2, and made parts hereof.

While her detailed averments included two formal counts in trespass to try title to recover lands, alleged to have become affected by the contract, essentially her whole cause of action for such cancellation as against all parties so sued was predicated upon her extended averments to the effect that the two writings composing it, .and therefore the contract so declared upon, had been procured from appellant's mother through fraud, misrepresentation, and concealment upon the part of the two appellee-attorneys, practiced by them upon her mother, hence the whole engagement on her part to them had been rendered void and not binding upon either herself, individually, or her father's estate; she did

not seek damages, nor an accounting of any sort, but rather prayed—in the main—for an absolute nullification of the deed, removal of clouds from the title to the properties and holdings affected, together with straight out recoveries against the appellees of all amounts they had collected as such claimed attorneys' fees, with interest, et cetera.

Appellees answered, with relation to the counts in trespass to try title, not guilty, general denials, and the three year statute of limitation; and in answer to the third count, general denial and special answers and denials, with affirmative allegations of ratification and estoppel, and an affirmative allegation that there had never been any accounting, or request for an accounting, as between Mrs. Hunt and appellees, Boyles and Billingsley; that appellees had never required of Mrs. Hunt, or her estate, any accounting of the property in appellants' possession, or of the proceeds thereof, and offered, in the event of a mutual and reciprocal accounting, an adjustment of any balance in accordance with any order entered by the court. Appellees further pled the two and four year statutes of limitation, Rev.St.1925, arts. 5526, 5529.

The cause was heard by the court and a jury throughout the presentation in full of the evidence for both sides, whereupon they each—respectively—moved for an instructed verdict in their own behalf, and no other relief; thereupon the court dismissed the jury, decided the whole cause independently, and rendered its judgment, setting out therein its findings of both fact and law.

In all material substance, such judgment and findings were as follows:

"The court determined and announced in open court that there was no issuable fact to be submitted to the jury, and withdrew the case from the consideration of the jury and discharged the jury, and on said 8th day of February, 1946, the Court announced in open court that the Court was of the opinion that under the undisputed evidence, plaintiff was, as a matter of law, not entitled to recover against the defendants, or any of them, except as hereinafter expressly provided, and that, under the undisputed evidence, the Court found and here now finds as undisputed facts, as follows:

"(a) That under the undisputed evidence, the letter from Ruthe Blount Hunt to Bruce Billingsley, dated October 6, 1938, is a valid, enforceable contract, affecting her separate property rights and her expectancy in property constituting her separate estate and entered into at a time when Ruthe Blount Hunt not only represented herself to be, but actually was, permanently separated from her husband and had been so separated from him for a long period of time prior to October 6, 1938, on which date a divorce suit was then pending by the said Ruthe Blount Hunt against her said husband; and the deed of conveyance from Ruthe Blount Hunt, individually, and as the Independent Executrix of C. H. Blount, deceased, to Edward S. Boyles and Bruce Billingsley, dated August 23, 1939, is a valid deed of conveyance to the said Boyles and Billingsley of an undivided one-fourth interest in and to all the property therein described, which was her separate estate, and which deed was made at a time when Ruthe Blount Hunt not only represented herself to be, but actually was, permanently separated from her husband, and at the time a divorce suit by her against her said husband was pending, when actual trial of such suit was imminent and only some 14 days before trial of such suit was had, resulting in a divorce being granted to her against her said husband.

"(b) That under the undisputed evidence, the relationship of attorney and client between Ruthe Blount Hunt, on the one hand, and the defendants, Edward S. Boyles and Bruce Billingsley, on the other hand, was created by the letter from Ruthe Blount Hunt to Bruce Billingsley, dated October 6, 1938, and that such relationship had never existed prior to the date of such instrument.

"(c) That under the undisputed evidence there was no fraud, concealment, or misrepresentation, of any kind by the defendants, Boyles and Billingsley, in connection either with the letter agreement

of October 6, 1938, or the deed of conveyance of August 23, 1939, and that the same were fairly entered into and executed for valuable considerations, and without any vestige of mistake, fraud, or any other improper conduct.

"(d) That, under the undisputed evidence, the letter agreement of October 6, 1938, and the deed of conveyance of August 23, 1939, and all of the terms and provisions thereof were fully ratified and confirmed by Ruthe Blount Hunt during her lifetime at times both when she was permanently separated from her husband and while she was a feme sole, and that said instruments and their terms and provisions were in all respects ratified and confirmed by the plaintiff in this suit.

"(e) That, under the undisputed evidence, the services contemplated to be performed by the defendants, Edward S. Boyles and Bruce Billingsley, under the letter agreement of October 6, 1938, and the deed of conveyance of August 23, 1939, were in all respects performed by said defendants, Boyles and Billingsley, up to the date of the termination of their services by Ruthe Blount Hunt, and that such termination by her unlawfully prevented further performance by them of any remaining service or services.

"(f) That, under the undisputed evidence, there was no failure of consideration, total or partial, for the letter agreement of October 6, 1938, or the deed of conveyance of August 23, 1939.

"(g) That, under the undisputed evidence, the deed of conveyance of August 23, 1939, was a mere carrying into effect of the provisions of the letter agreement of October 6, 1938.

"(h) That, under the undisputed evidence, the plaintiff in this suit and the Estate of Ruthe Blount Hunt, deceased, are estopped to maintain this suit.

"(i) That, under the undisputed evidence, plaintiff's alleged cause of action in trespass to try title is barred under the three-year Statute of Limitations. (Texas Revised Civil Statutes, Article 5507).

"(j) That, under the undisputed evidence, plaintiff's alleged cause of action for cancellation and removal of cloud is barred by the four-year Statute of Limitations. (Texas Revised Civil Statutes, Article 5529).

"(k) That, under the undisputed evidence, plaintiff's alleged cause of action for monetary damages is barred by each and both of the two and four-year Statutes of Limitations. ·

"(l) That defendants in open Court disclaimed any right, title, or interest in and to the following described property described in plaintiff's petition:

"Lot 119, in Section 'C' of the Forest Park Cemetery, Harris County, Texas. * * *

"(m) That during the progress of the trial, and before the case was withdrawn by the court from the jury, attorneys of record for the defendants, Edward S. Boyles and Bruce Billingsley, in open court, announced that, in the event plaintiff should fail in the trial court to obtain judgment of cancellation of the written instruments sought by plaintiff to be cancelled, said defendants, although under no legal or moral duty or obligation so to do—there being no pleading by the plaintiff seeking an accounting, and plaintiff having specifically elected to pursue the remedy of cancellation rather than for damages—suggested that the trial court give favorable consideration to rendering judgment in favor of plaintiff and against said defendants, Boyles and Billingsley, for the following sums:

"(1) $1000.00, being the $1000.00-fee allowed by the Probate Court in the guardianship proceeding in the matter of C. H. Blount, N.C.M., on or about May 17, 1939, together with the interest thereon at the legal rate * * *;

"(2) $110.55, being one-fourth of the $442.19 amount paid by Ruthe Blount Hunt for State Inheritance Taxes on the C. H. Blount Estate, together with interest thereon * * *;

"(3) $424.40, being one-fourth of all the Ad Valorem Taxes paid by Mrs. Ruthe Blount Hunt on all the properties of the Estate of C. H. Blount, deceased, * * * together with interest thereon at the legal rate * * *;

"(4) $936.80, being one-fourth of the sum of $3747.21, which was paid by the plaintiff in this cause to the Collector of Internal Revenue as Federal Estate Taxes in the C. H. Blount Estate, together with interest thereon at the legal rate * * *.

"(5) $15.00, being one-fourth of the $60.00 of estimate legal expenses and cost for the filing of the Will of C. H. Blount, deceased, in Kiowa County, Colorado; and,

"(6) That should said defendants' suggestions be followed, * * * they might constitute sufficient excuse for all court costs in the trial court being paid by said defendants * * *.

"Said suggestions by said defendants' attorneys being made by said defendants' attorneys simply as an offer on the part of said defendants to do equities not incumbent upon them, * * * and not * * * as any admission against interest or in prejudice of any of said defendants' legal or equitable rights * * *.

"Wherefore, upon consideration of all such facts so found by the court and of all other facts and matters properly before it, the Court Orders, Adjudges and Decrees that plaintiff, Anna Mary Parker, in her dual capacity, as Administratrix, * * * do have and recover of and from defendants, Edward S. Boyles, Bruce Billingsley, W. S. Cochran, Trustee, and First National Bank of Houston, on said defendants' disclaimer, said lot 119, in Section 'C' of the Forest Park Cemetery, Harris County, Texas, as per plat recorded in the Map Records of Harris County, Texas, in Vol. 6, Page 6; also all said above-tendered, described, and enumerated sums of money; * * * and it appearing to the Court that all of said tendered sums of money and the interest thereon, above described, totalling the sum of $4,022.94, have been, by the said defendants, Edward S. Boyles and Bruce Billingsley, paid into the Registry of this Court in cash, and that the judgment therefor has been in all things and respects fully paid and satisfied, including all costs of this suit, and that there is therefore no occasion for the issuance of execution therefor;

"It is further Ordered, Adjudged and Decreed by the Court that otherwise and in all respects plaintiff, Anna Mary Parker, as such dual Administratrix * * * take nothing of or from said defendants, Edward S. Boyles, Bruce Billingsley, W. S. Cochran, Trustee, and First National Bank in Houston, or any of them."

As indicated, appellant so grounded her whole cause upon her declared-upon right to have this contract of her mother in its entirety set aside and held void, both as to her individual estate and that of her father, C. H. Blount, whose independent executrix the mother had been up until her own death, upon the presentment that the attorneys had in the first instance procured and thereafter proceeded under it for about 5½ years, until she gave them written notice of their discharge, in the practice of such actionable fraud and misrepresentations upon her as nullified, ab origine, and ipso facte all transactions thereunder between them.

Having so single-shotted her cause of action, the appellant thus never sought damages, nor an accounting, against the appellees; nor did she at any time return, or tender for return to them, any of the specific benefits or considerations she had received from the attorneys during the 5½ years' life of the contract, contenting herself in that respect by merely pleading a general "offer to do equity upon such terms as may be fair and reasonable and as may be required or suggested by the court," while at the same time insisting that she was entitled to an outright cancellation without making requital.

As appears supra, appellees met the cause so declared upon with the denials and counter-pleadings recited, and then covered every phase of the claims of fraud upon their part with such fully detailed testimony that, together with appellant's own presentations, it ran the statement of facts in the cause up to something like 2000 to 3000 pages.

■ Appellant's suit being so essentially one for cancellation of the instruments admittedly executed between the attorneys and Mrs. Hunt, especially the deed of August 23, 1939, the record shows that

Mrs. Hunt's original petition for such cancellation thereof was not filed until July 10 of 1944, more than four years thereafter, hence it appears from the face of the record that the suit became barred by Article 5529, Revised Civil Statutes of Texas; indeed, as the trial court's findings import, she treated both instruments so composing the contract as satisfactory and valid, accepting all the services and benefits thereunder, including all moneys paid to her, without complaint to the appellee-attorneys of any sort from October 6 of 1938 until April 19 of 1944, when she peremptorily advised them by letter that she had discharged them as her attorneys, and directed them to turn over all papers to her new attorney; not only so, but further, as in the same way undisputedly appears, neither did Mrs. Hunt during her lifetime, nor did her daughter and executrix, the appellant here, subsequently ever tender or in fact make any restitution at all of the benefits, moneys, or services, she had so received from the appellees for the 5½ year period indicated.

■ Wherefore, at the inception of the cause, it is thought to have thus been shown to have been barred by the statute cited, which was duly pled in bar by the appellees, as well as, in any event, to have become unmaintainable for the lack of any such restitution of benefits, which, by well·settled authority in Texas, is a sine qua non of the right of cancellation. McDonald v. Simons, Tex.Com.App., 280 S.W. 571; Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Casualty Reciprocal Exchange v. Bryan, Tex. Civ.App., 101 S.W.2d 895, no writ; Paschal v. Hudson, Tex.Civ.App., 169 S.W. 911, writ refused; Beck v. Humphreys, Tex.Civ.App., 160 S.W.2d 85, writ refused; Home Inv. Co. et al. v. Strange, 109 Tex. 342, 195 S.W. 849.

Recurring to this limitation holding under cited Article 5529, the trial court's findings in its judgment—at least portended —that no testimony attempting to excuse such late filing of this suit (on July 10 of 1944) was offered; neither was there any indication that Mrs. Hunt did not have full knowledge of all the facts entering into all the dealings of hers with the attorneys while living under the contract during all that time from August 23 of 1939 to July 10 of 1944, when she so filed her suit for cancellation. In fact, the record conclusively shows that she did enjoy such full knowledge throughout that entire period.

Under these authorities, it would seem to be not a matter of doubt that she had no right to rescind or to cancel her contract with the appellees in these uncontested circumstances; LaFleaur v. Kinard, Tex.Civ.App., 161 S.W.2d 144, writ refused, want of merit; First State Bank of Bangs v. Visart, Tex.Civ.App., 259 S.W. 987; Texas & P. R. Co. v. Gay, 86 Tex. 571, 26 S.W. 599, 25 L.R.A. 52.

Further, appellant's failure to even seek to make some tangible restitution of the benefits found by the trial court to have been conferred upon and rendered to Mrs. Hunt during the 5½ years of her acceptance of the continued services of the appellees estopped her—as a matter of law—from claiming the cost-free rescission she sought, as these holdings make manifest.

If the suit was thus barred by the four-year statute, or if the right to the cancellation of the contract it so reached for was not existent without the · necessary restitution of the benefits received, then the trial court's findings on each of those two phases are conclusive of the whole controversy, if supported by the evidence; and this court finds none to the contrary.

If, however, it be necessary to pass upon others of appellant's very ably presented 24 points of claimed error, that is done upon the premise of the trial court's findings of both fact and law, as quoted from its judgment.

■ Since the court so took the cause from a duly qualified and empaneled jury, before which appellant would otherwise have had the right of a trial on the facts she had adduced, if the testimony in her behalf raised any issue of fact legally material to the cause of action she had so declared upon in her pleadings, then she would be entitled to a reversal here of the appealed-from judgment; otherwise, this court would lack authority to disturb the

judgment of the court below; 41 Tex.Jur., Chapter XII, page 933.

(1) Appellant's first contention is that the court's holding that the letter of October 6, 1938, together with the deed of August 23, 1939, constituted a valid and enforceable contract having to do with the separate property rights—both in esse and expectancy—of Mrs. Hunt, constituted error, both fundamental and as contravening numerous settled interdictions in our law; that is, among other infirmities, both instruments as appellant has pled, had originally been secured by the appellees from Mrs. Hunt at a time when she was not permanently separated from her then husband, and for 5½ years thereafter acted under by the appellees as the result of their own fraudulent misrepresentations; that in addition to such misrepresentations there had been a complete failure of any consideration to Mrs. Hunt from such claimed services of the appellees, that the letter-contract had been barratrous, and based on an unconscionable excess of a contingent fee; that the $1,000 paid appellees under the probate court's order in the guardianship proceedings in her father's estate had been expressly in full of all services rendered Mrs. Hunt by the appellees, etc.

The vice in these contentions, with all due deference to appellant and her able counsel, plainly appears to this court to be a complete lack of evidence of any probative force to sustain any feature of them; what is exhibited in support thereof, indeed presents no more than the scintilla of proof held in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, at page 1062, by our Supreme Court through the late and great Judge Leroy Denman, to constitute no evidence at all; on the contrary, the trial court's findings of both fact and law that such two instruments constituted a valid and enforceable contract, are upheld as being supported by an unassailable volume of direct evidence that was not controverted at all upon any legally material feature—that the appellee-attorneys were indisputably shown to have perpetrated no fraud or misrepresentation whatever upon their client, Mrs. Hunt, at any time during the time of their service to her as such from the date of the letter agreement on October 6 of 1938, up to the receipt by them of her letter of April 19 of 1944, dismissing them as her attorneys and directing them to turn over all of her papers to the present attorney for the appellant herein, Mr. Graves.

(2) Further, Mrs. Hunt was undisputedly shown to have herself sought the services of appellees, who had never known her prior thereto, to have given them the sole information they acted upon in executing the two papers constituting the employment-contract with her, to have dealt with them at arms-length in making such contract at a time when she was sui juris in every respect, and after she had consulted other able and reputable lawyers in both Houston and Galveston, with a view to having them undertake the same service she had thus later in this contract engaged appellees to perform;

(3) That, pursuant to so executing such two instruments, she had, throughout 5½ years, accepted every service the appellees rendered her, including the receipt, the use, and the appropriation for herself, of all moneys, properties, and other rights resulting therefrom;

(4) That she had also, on many occasions, in writing and otherwise, ratified and confirmed all such acts of theirs—done and performed in her interest—over that whole period, and had never complained to them at any time of any feature of those sustained relations of client and attorneys.

(5) In such circumstances, the deed of August 23, 1939, having been a mere carrying into effect of the preceding letter of employment of October 6, 1938, hence to be construed together (10 Tex. Jur., page 286, Contracts, par. 166), and the appellees having also fully performed their obligations under both instruments, it follows as a matter of imperative law that such deed is a valid and presently effective conveyance, as the trial court held—especially when, as indicated, appellant has completely failed to produce in this record evidence raising any issue of a fraudulent representation, or of a failure of consideration affecting its validity; Miers & Rose v. Trevino, Tex.Civ.App., 213 S.W. 715, writ refused; Roberts v.

Carlisle, Tex.Civ.App., 4 S.W.2d 144; Haring v. Shelton, 103 Tex. 10, 122 S.W. 13; Volume 5, Tex.Jur., "Attorneys at Law", Section 118, page 532; Putman v. Wheeler & Rhodes, 65 Tex. 522; Randolph, Bowen & Co. v. Randolph, 34 Tex. 181; Myers v. Crockett, 14 Tex. 257; White v. Burch, Tex.Civ.App., 19 S.W.2d 404, error refused. Hames v. Stroud, 51 Tex.Civ.App. 562, 112 S.W. 775, writ refused.

(6) Appellant next urges that the orders of the probate court allowing the appellees the $1,000 credit on their fees from Mrs. Hunt in relation to her guardianship upon her father's estate, constituted a judgment of that court fixing the sum of $1,000 as the full amount of their fee for all legal services performed by appellees in that behalf; that such orders nullified the letter agreement of October 6, 1938, thereby estopping such attorneys from any other or greater fees than the $1,000.

■ (7) A complete answer to that presentment is, as the trial court found, that those orders neither purported to involve, nor in any way to supersede, the foregoing letter of employment of October 6, 1938; indeed, the undisputed testimony, as the trial court in effect recites, was that such payment was paid merely on account, to be considered along with other items on a final accounting between the parties.

In fact, as the quoted judgment further shows, this sum, together with computed interest thereon, was included by the trial court in the money-judgment herein rendered against appellees in appellant's favor as an adjustment of any possible balance of the account between the parties the trial court thought it just to allow.

■ (8) Appellant next, through many propositions, assails the findings below, of both sorts, to the effect that Mrs. Hunt was a feme sole, to all intents and for all purposes, and permanently separated from her husband, not only when the two writing constituting the employment contract of October 6, 1938, and of August 23, 1939, had been entered into, but also at all succeeding dates, hence that at no time during the 5½ years of the life of the relationship of attorneys and client between

her and appellees, had she been in any degree under the disability of coverture.

(9) These contentions—in their entirety—are overruled as being without merit, upon these, among other, considerations:

(a) Mrs. Hunt represented herself to appellees, Boyles and Billingsley, as being permanently separated from her husband at such times and in reliance on these representations, appellees, Boyles and Billingsley, furnished her valuable legal services and she and her estate are estopped to attack these instruments on the basis of coverture.

(b) At the time she signed the letter agreement, and when she executed the deed, Mrs. Hunt was actually and in fact permanently separated from her husband under the undisputed evidence. Wilson v. Beck, Tex.Civ.App., 286 S.W. 315, writ refused.

(10) From what has been said, it follows, as night the day, that appellant's concluding contentions to the effect that the agreement was unfair, unconscionable; and not supported by adequate consideration; that fact-issues were raised concerning her claimed fraudulent concealment and misrepresentation on the part of appellees; and, finally, that the trial court erred in excluding the testimony of certain witnesses, through whom she expected to approve such issues, should all be overruled. These are but repetitious contentions that have been already disposed of adversely to the insistencies.

■ (11) Since the evidence in relation to this whole fee contract, together with the acts of both sides thereto in living under it for 5½ years, was, as found by the trial court, undisputed to this effect: it was valid when made, and made by and between mentally competent persons standing at arms-length toward each other, and, especially when the appellant's testator had all the advantage and all superior information concerning the whole subject matter of the undertaking, upon whose representations to them as to what was involved the appellee-attorneys were dependent; it follows as a matter of law that the reasonableness of attorneys' fees so fixed became an immaterial inquiry. Therefore,

the court below did not err in so holding; Burleson v. Morse, Tex.Civ.App., 172 S. W.2d 361, error refused; Magnolia Petroleum Co. v. Connellee, Tex.Com.App., 11 S.W.2d 158.

It follows from these conclusions that the appealed-from judgment should be affirmed; it will be so ordered.

Affirmed.

MONTEITH, C. J., not sitting.

Exhibit I.

"Houston, Texas.
"October 6, 1938.

"Mr. Bruce Billingsley
"355 First National Bank Building
"Houston, Texas

"Dear Sir:

"My father, C. H. Blount, has an estate consisting of certain moneys and stocks in the Gibraltar Savings & Building Association, and certain other moneys and stocks, and certain properties in the Hastings Oil Field in Brazoria County, Texas, and certain other properties in Harris and other counties in the State of Texas. I do not know just exactly what constitutes his estate. There is also some estate in Colorado.

"Mr. Ike Friedlander has a purported Power of Attorney from my father, and, during her lifetime, likewise had a purported Power of Attorney from my mother, and is now in possession of the entire estate. I am not satisfied with the way my father's estate is being administered, and as he is about eighty-three years of age and is not mentally competent to handle his own business affairs, and as the estate is being rapidly dissipated, and I am the sole heir, I am anxious that the estate be preserved and saved and recovered for my father's benefit and for my benefit.

"I appoint you my attorney and authorize you to institute such proceedings as in your opinion will be necessary or desirable to recover the estate for me and for my father, and to preserve the same; and I agree that for your legal services you shall have and receive one-fourth (1/4) of all of the estate that you may recover or save for me or for my father as and when the same is recovered and saved.

"Yours very truly,
"(s) Ruthe Blount Hunt."

Exhibit II.

"The State Of Texas, ⎫
County Of Harris. ⎭

"Know All Men By These Presents:

"That I, Ruthe Blount Hunt, acting herein individually and as independent executrix of the Estate of C. H. Blount, deceased, No. 27076 pending upon the Probate Docket of the County Court of Harris County, Texas, for and in consideration of legal services rendered and to be rendered to me individually and as such independent executrix by Edward S. Boyles and Bruce Billingsley, attorneys at law, the receipt and sufficiency of which consideration is hereby acknowledged and confessed, have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the said Edward S. Boyles and Bruce Billingsley an undivided one-fourth (1/4) interest in and to all property, real, personal and mixed, in the said estate of C. H. Blount, deceased.

"To Have And To Hold the above undivided interest in and to said estate unto the said Edward S. Boyles and Bruce Billingsley, their heirs and assigns, and I do hereby bind myself, my heirs, executors, administrators, successors and assigns, to warrant and forever defend the above described land, premises and personal property unto the said Edward S. Boyles and Bruce Billingsley, their heirs and assigns, against any person whomsoever claiming or to claim the same or any part thereof.

"Executed this the 23rd day of August, A. D. 1939.

"/s/ Ruthe Blount Hunt,
"Individually and as Independent Executrix of the Estate of C. H. Blount, deceased."