**Tom MATLOCK, Appellant,**

v.

**C. Wesley KITTLEMAN, Glenn Jarvis, and Jarvis & Kittleman, a Professional Corporation, Appellees.**

No. 13–92–296–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 21, 1993.

Kelly K. McKinnis, McAllen, for appellant.

Raymond A. Cowley, Raymond L. Thomas, Jarvis & Kittleman, McAllen, David H. Jones, Edinburg, Craig S. Smith, The Law

Offices of Craig S. Smith, Corpus Christi, for appellees.

Before SEERDEN, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a summary judgment rendered for the defendant appellees in a suit for declaratory judgment of rights, and for an accounting, under an alleged oral contract for the division of legal fees among attorneys not practicing in the same law firm. By a single point of error, appellant asserts that the granting of the summary judgment was erroneous. We agree and reverse the judgment of the trial court.

## Background

For purposes of this appeal, the facts are not in dispute. Sometime during 1988, the appellant, Tom Matlock, was recruited by the law firm of Jarvis, Schwarz & Kittleman to assist as "co-counsel" in the trial of a suit by an individual against Charter Palms Hospital. The alleged oral fee-splitting contract negotiated between the parties provided that Matlock would receive thirty percent of fees collected, after an initial allocation to pay the hourly fees of both appellant and appellees. The parties, sometime during the pendency of the first lawsuit, also agreed that in future suits arising against Charter Palms Hospital or Charter Medical Corporation, the same hourly billing arrangement against proceeds would be used, but that Matlock would receive a fifty percent split of the remainder. Matlock received his thirty percent fee in the initial case. Matlock received his fifty percent fee in a subsequent case. After referring another case to the appellees for representation under the fee agreement, Matlock received notification that appellees would not pay any fees in subsequent cases. About two months prior to the initiation of this suit, an attorney shareholder of Jarvis & Kittleman, P.C. initiated, for a client, an action against Charter Palms Hospital. Matlock learned of the suit and approached the firm asserting his rights under the alleged fee-splitting agreement. When discussions failed, Mat-

lock filed suit in the 332nd Judicial District Court of Hidalgo County for a declaratory judgment of rights under the agreement, and for an accounting. Appellees moved for summary judgment, relying solely on the pleadings to establish that the alleged oral contract was void from its inception. The court granted the motion and rendered judgment that Matlock take nothing on his claim.

## Standard on Review

In reviewing a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant. *Id.* Appellees' motion for summary judgment asserted three grounds which would render the contract void *ab initio*. The order granting the motion does not state the specific ground on which it was granted. Therefore, the summary judgment must be affirmed if the appellees sustained their burden of proof on any of the theories. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

## Voidness of the Contract

Appellees asserted that their motion "was limited to demonstrating that the Alleged Agreement was void *ab initio* because it violated the public policy of this state and failed to comply with the Texas State Bar Rules governing division of fees between attorneys not in the same law firm." This assertion was based on the grounds that: 1) the agreement violated State Bar Rule 1.04(f)(2) because unspecified future clients could not possibly have agreed to the participation of Matlock; 2) the association of additional counsel would result in disclosure of client confidences; and 3) the agreement does not allow clients to choose their own attorney. In support of their motion, the appellees offered only the pleadings of the parties and the substance of Texas State Bar Rule 1.04(f) which stipulates that:

(f) A division or agreement for division of a fee between lawyers who are not in the same firm shall not be made unless:

(1) the division is:

(i) in proportion to the professional services performed by each lawyer;

(ii) made with a forwarding lawyer; or

(iii) made, by written agreement with the client, with a lawyer who assumes joint responsibility for the representation;

(2) the client is advised of, and does not object to, the participation of all the lawyers involved; and

(3) the aggregate fee does not violate paragraph (a).

TEX.DISCIPLINARY R.PROF.CONDUCT 1.04(f) (1989), *reprinted in* TEX.GOV'T. CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1992) (STATE BAR RULES art. X, § 9).

■ Summary judgment may rest on pleadings alone when such pleadings have failed to state a cause of action which cannot be remedied by amendment, or when the pleadings affirmatively negate the cause of action. *See generally Hidalgo v. Surety Sav. and Loan Ass'n.*, 462 S.W.2d 540, 543 n. 1 (Tex.1971); *Bowen v. Calallen Indep. Sch. Dist.*, 603 S.W.2d 229, 231 (Tex.Civ.App.— Corpus Christi 1980, writ ref'd n.r.e.). Absent such circumstances, pleadings cannot constitute summary judgment proof. *Hidalgo*, 462 S.W.2d at 543. Appellees' contention is that the pleadings here negate the cause of action by "proving" the alleged agreement was void from the start, either due to illegality, or as against public policy. We disagree.

## Texas Bar Rule 1.04(f)

Appellees first assert that because all possible clients were only ascertainable at some point in the future, it would be impossible, at the time the contract was allegedly made, to fulfill requirement (f)(2) of Texas Bar Rule 1.04, which requires advising the clients and verifying that there were no objections to the participation of Matlock. Hence, the agreement is contrary to State Bar Rules and, therefore, appellees argue, void as an illegal agreement. This entire argument hinges on the applicability of State Bar Rule 1.04(f) to the alleged agreement. Appellees offered no proof that this agreement was subject to the rule. Appellant Matlock asserts that there are instances where agreements fall outside the scope of Rule 1.04(f). Comment 10 to the stated rule provides that:

**Division of Fees**

10. ... Because the association of additional counsel normally will result in a further disclosure of client confidences and have a financial impact on a client, advance disclosure of the existence of the proposed association and client consent are generally required. Where those circumstances will not arise, however, disclosure is not mandated by this Rule. For example, if a lawyer hires a second lawyer for consultation and advice on a specialized aspect of a matter and that consultation will not necessitate the disclosure of confidential information and the hiring lawyer both absorbs the entire cost of the second lawyer's fees and assumes all responsibility for the advice ultimately given the client, a division of fees within this rule is not involved.

TEX.DISCIPLINARY R.PROF.CONDUCT 1.04 cmt. 10 (1989). The pleadings failed to show that the circumstances of the alleged agreement place it outside this exception to Rule 1.04(f). Appellees submitted no other proof. Thus, there is a genuine issue of material fact as to whether this alleged agreement falls within the scope of Rule 1.04(f). Appellees have failed to sustain their burden of proof. *See Nixon*, 690 S.W.2d at 548–49. Summary judgment on this ground is improper.

## Disclosure of Confidences

Appellees' second ground asserts that, independent of Rule 1.04(f), the agreement is void as a violation of public policy because "the association of additional counsel would result in the disclosure of client confidences." Appellees cite no authority for this proposition. If such exists, then presumably all firms larger than the solo-practitioner, and certainly all attorneys who serve as, or engage, co-counsel, would be guilty of the violation, even if they had scrupulously complied with the requirements of Texas Bar Rule 1.04(f). Additionally, appellees offered the trial court no summary judgment proof, other than bare assertions, that such disclosures

would occur, or would be objectionable to the involved clients. Appellees have failed to sustain their burden of proof. *See Nixon,* 690 S.W.2d at 548–49. Summary judgment on this ground is improper.

### Right to Choose Attorney

Appellees' final basis for declaring the agreement void *ab initio* is that it violates a client's right to choose his attorney. Again, appellees cite no authority for this proposition. It is clear from comment 10 to Texas Bar Rule 1.04(f), quoted earlier, that there are instances where disclosure of the existence of consulting or advisory counsel is neither mandatory, nor against public policy, nor seen as an infringement on the client's right to choose. Appellees submitted no summary judgment proof to the trial court that this agreement falls outside the scope of comment 10 and no proof that it infringes on the client's right to choose. Appellees failed to sustain their burden of proof. *See Nixon,* 690 S.W.2d at 548–49. Summary judgment on this ground is improper.

Appellees have failed to sustain their burden of proof on any of the three theories which they advanced in support of their motion for summary judgment. We, therefore, sustain appellant's single point of error, REVERSE the judgment of the trial court, and REMAND the cause for further proceedings below.