Thomas and Brenda **GREGORCYK**, Appellants,

v.

**AL HOGAN BUILDER, INC.**, Appellee.

No. 13–92–570–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 18, 1994.

Rehearing Overruled Sept. 22, 1994.

O.F. Jones, III, Victoria, for appellants.

Richard W. Crews, Jr., Thomas F. Nye, Linda C. Breck, Brin & Brin, Corpus Christi, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Thomas and Brenda Gregorcyk sued Al Hogan Builder, Inc. for damages resulting from deceptive trade practices regarding the quality of the construction of their home. The court entered a take-nothing judgment notwithstanding the verdict. We affirm.

The Gregorcyks hired Hogan to build their home. Upon completion of and closing on the home in February 1983, Hogan furnished a homeowners' warranty and insurance policy. The policy was issued by the Home Owners Warranty Corporation (HOW) and insured by the Home Owners Warranty Insurance Corporation (HOWIC). Hogan warranted for one year that the house would be free of defects. Hogan warranted for the second year that the house would be free of major structural defects. HOWIC insured against builder default on either of these obligations and major structural defects from the third to the tenth years.

During construction, Brenda saw some practices she considered unusual but believed that the house was completed satisfactorily. Soon after moving in, however, the Gregorcyks noticed problems with the house. Hogan responded to the Gregorcyks' many complaints during the first year. The ceiling in the living room was cracking, doors were sticking, a window was crooked, and the electrical system had problems. The Gregorcyks felt by the end of 1983 that Hogan had cheated them by using substandard materials and practices. In mid–1984, Hogan refused to make further repairs. The Gregorcyks never spoke to a Hogan employee again.

The Gregorcyks thereafter dealt solely with HOW and its representatives. In 1986 and again in March 1989, HOW representatives found no defects under the warranty. In October 1989, however, engineer Donald E. Herrera inspected the house and found deficiencies in the roof framing and some foundation movement. He prepared a plan to repair these items and supervised its execution. The remedies satisfied him, but did not satisfy the Gregorcyks. On March 15, 1990, the Gregorcyks nevertheless signed a

release and assignment of claims to HOWIC containing the following passage:

> The [Gregorcyks] hereby irrevocably assign, transfer, subrogate and set over to HOW Insurance Company all of their right, title and interest in each and all claims or demands against any and all persons, firms or corporations arising from or connected in any way with the Remedied Items.

The Gregorcyks filed suit on November 1, 1990.

The Gregorcyks pled that Hogan's sales representative told them that the house would be a "'well built house, that would last a lifetime, and if they ever decided to sell it, they would have no problem selling it, and if there were any problems that developed with the house, that Mr. Hogan would immediately make the necessary repairs, without any time limitations whatsoever.'" The Gregorcyks alleged breach of contract, breach of warranty, misrepresentation, and violation of the Deceptive Trade Practices Act. They also alleged compliance with the notice requirements for a DTPA claim. Hogan responded that, among other things, the Gregorcyks had assigned their claims against Hogan to HOWIC.

The case proceeded to trial. The jury found that Hogan had deceived the Gregorcyks under the DTPA, engaged in unconscionable conduct, and failed to comply with a warranty, all of which were producing causes of damages. The jury also found that the Gregorcyks should have discovered these actions by December 15, 1989. The jury found that Hogan acted knowingly and assessed hundreds of thousands of dollars in damages.

The court denied the motion for judgment notwithstanding the verdict based on the assignment and release, but granted it on the lapse of the statute of limitations and the failure to plead or prove violations under the Property Code. The court's decision eliminated all the damages. The Gregorcyks raise five points of error on appeal, but we need not address most of them.

■ Instead, we address Hogan's sixth crosspoint, by which it asserts that the trial court erred by denying its motion for judg-

ment notwithstanding the verdict on the grounds that the Gregorcyks assigned all of their rights to the causes of action asserted. We review the denial of a motion for judgment notwithstanding the verdict on the same standard as we use to evaluate the granting of such a motion. *Fenwal, Inc. v. Mencio Security, Inc.,* 686 S.W.2d 660, 663 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). In order to grant a JNOV, the trial court must have found that there was no evidence to support the jury's findings. *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990). We must review the evidence in the light most favorable to the finding, considering only the evidence and inferences supporting them and rejecting the evidence and inferences contrary to the findings. *Id.; Navarette v. Temple Indep. School Dist.,* 706 S.W.2d 308, 309 (Tex.1986). We must reverse where there is more than a scintilla of competent evidence to support the jury's findings. *Mancorp,* 802 S.W.2d at 228; *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989); *Navarette,* 706 S.W.2d at 309.

■ An ultimate fact may be conclusively shown by wholly circumstantial evidence when it may be fairly and reasonably inferred from other facts proved in the case. *Walter Baxter Seed Co. v. Rivera,* 677 S.W.2d 241, 244 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The circumstances relied upon must, however, have probative force sufficient to constitute the basis of a legal inference. *Texas Dep't of Corrections v. Jackson,* 661 S.W.2d 154, 157 (Tex.App.— Houston [1st Dist.] 1983, writ ref'd n.r.e.). The facts must do more than raise a mere surmise or suspicion or permit a purely speculative conclusion; they must be of such a character as to be reasonably satisfactory and convincing, and must not be equally consistent with the nonexistence of the ultimate fact. *Id.*

■ We find that the court erred by denying the assignment basis of the motion. The court provided this explanation for its action:

> Since the remedied items did not include any of the "cosmetic repairs" or any claims for mental anguish, or Deceptive Trade Practices Act violations, the assignment

was not complete, and causes of action remained in the Plaintiff which they were entitled to pursue.

We disagree. The entire basis of the Gregorcyks' complaint is that, contrary to Hogan's promises and representations, their house had major structural defects, referred to in the assignment as the remedied items. They assigned to HOWIC all claims arising from or connected *in any way* with the remedied items. The evidence showed no cognizable claims that arose apart from or were unconnected to the remedied items. Rather, the evidence solidly demonstrated the opposite. Without the deficiencies in the remedied items, the representations would have been true, the warranties accurate, the contract unbreached, the cosmetic repairs unnecessary, and their minds untroubled. We sustain crosspoint six.

Our decision affirms the judgment notwithstanding the verdict, albeit on a different basis. We therefore overrule the Gregorcyks' point of error five, by which they asserted that the court erred by granting Hogan's motion and by denying their motion for judgment on the verdict. We need not address either the Gregorcyks' remaining points assailing the stated basis for the judgment or Hogan's other crosspoints. *See* TEX. R.APP.P. 90(a). We affirm the trial court's take-nothing judgment notwithstanding the verdict.