Ronald L. CHACHERE, Appellant,

v.

John E. DRAKE, Appellee.

No. 13–94–404–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1996.

Rehearing Overruled Feb. 27, 1997.

Anthony F. Constant, Corpus Christi, for appellant.

B. Mills Latham, Law Offices of B. Mills Latham, Frank E. Weathered, Dunn & Weathered, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant complains of a judgment notwithstanding the verdict (judgment N.O.V.) entered after a jury returned a verdict in his favor in a suit involving the sharing of a referral fee between lawyers. By seven points of error, appellant argues that the trial court erred in substituting its findings of facts for those of the jury and in granting judgment N.O.V. where the jury verdict was supported by the evidence and the alleged contract was not illegal.

The parties to this lawsuit are lawyers who, at all material times, shared offices and staff, but who were sole independent practitioners. In October 1989, an Otis Engineering employee was killed in an oil field accident and his widow was referred to the joint office. It is undisputed that initially she was to be referred to appellee (Drake); however, because he was unavailable, appellant (Chachere) was notified and agreed with the referring party to handle the probate matters. While there was conflicting evidence as to subsequent events, the jury found that appellant and appellee agreed to refer the case to a wrongful-death specialist and share equally any resulting referral fee. In addition, the jury found that Drake committed fraud against Chachere in connection with this matter and assessed the sum of $346,-714.00 as exemplary damages against Drake.

The trial court, however, found that "there was no agreement to split the fee," and granted judgment N.O.V. Despite both this finding and appellant's first three points of error which complain of this finding, we note that nowhere in his brief does appellee contest the sufficiency of the evidence to support the jury's finding that there was an agreement to split the fee. Rather, appellee seems to rely upon the trial court's conclusion that even "if there was [an agreement], the Court finds it was illegal and hence, it was unenforceable." It is this conclusion which is the primary point at issue in this case. After carefully considering the facts

relating to this transaction, we conclude that the agreement between these lawyers was not illegal or unenforceable. Accordingly, we reverse the trial court's judgment.

■■■ The law is clear that a judgment N.O.V. is proper only when the evidence is conclusive and one party is entitled to prevail as a matter of law, or when a legal principle precludes recovery. *See Rowe v. Rowe,* 887 S.W.2d 191, 195 (Tex.App.—Fort Worth 1994, writ denied); *John Masek Corp. v. Davis,* 848 S.W.2d 170, 173 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Therefore, when reviewing a judgment N.O.V., we must review the evidence in the light most favorable to the jury's findings, considering only the evidence and inferences supporting them and rejecting the evidence and inferences contrary to the findings. *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990); *Navarette v. Temple Indep. Sch. Dist.,* 706 S.W.2d 308, 309 (Tex.1986); *Gregorcyk v. Al Hogan Builder, Inc.,* 884 S.W.2d 523, 525 (Tex.App.—Corpus Christi 1994, writ denied). Furthermore, we must reverse where there is more than a scintilla of competent evidence to support the jury's findings. *Mancorp,* 802 S.W.2d at 228; *Gregorcyk,* 884 S.W.2d at 525.

Viewing the evidence in the light most favorable to the jury verdict, the facts showed that on the Monday following the initial contact with Mrs. Hernandez, the client, the two lawyers discussed the matter and recognized that a wrongful death action might be warranted. At that time, they agreed to refer the case to a trial specialist and to share any referral fee equally. Both lawyers then met with Hernandez. Appellant then explained to Hernandez her fiduciary obligations [1] and suggested to her that she hire a specialist to handle the wrongful death case. She agreed.

Subsequently, both lawyers accompanied Mrs. Hernandez on her visit with a trial specialist. When this specialist declined to accept the case, appellant and appellee agreed, at appellee's suggestion, to refer the case to Andrew Lehrman, another trial specialist. Because of past problems between appellant and Lehrman's firm, appellee persuaded appellant not to go to the meeting with Lehrman, not to include his name in the employment contract, and not to say anything about the case to Lehrman. Appellant testified that his fee-sharing agreement with appellee continued.

When Mrs. Hernandez's wrongful death suit was settled for $4.5 million, appellee did not advise either appellant or their secretary, Donna Combs. Appellant read of the settlement in the newspaper and confronted appellee. After negotiations relating to the existence of the fee-sharing agreement failed, appellant filed this suit.

As previously indicated, appellee vigorously denied the existence of the fee sharing agreement and offered evidence, rejected by the jury, that no such agreement existed.

In his fourth and fifth points of error, appellant argues that the trial court erred in granting the judgment N.O.V. because the jury verdict was supported by sufficient evidence, the issues submitted to the jury were material, and the court erred in its legal conclusion that the fee-sharing agreement between the lawyers was illegal and contrary to public policy. As stated above, appellee responds only to the last of appellant's contentions and argues that the agreement between the lawyers was illegal and against public policy. Thus, we accept appellant's evidentiary points as correct [2] and conclude that unless the agreement to share the fee was illegal or against public policy, the trial court erred in granting judgment N.O.V.

Appellee's contention that the fee-sharing agreement is illegal and against public policy is based upon the Texas Disciplinary Rules. These Rules prohibit the division of a fee for legal services with a lawyer not in the same firm unless either the client consents, or the client is advised of and does not object to the participation of all lawyers involved. [3]

---

**1.** The record does not reflect the exact nature of these obligations.

**2.** See Tex.R.App.P. 74(f).

**3.** The parties dispute whether the 1989 or the 1990 Disciplinary Rules apply.

   The 1989 rule provides that a lawyer shall not divide a fee for legal services with another law-

The reasoning behind the restrictions contained in these rules is to protect the client and the client's confidences by restricting their disclosure to only those persons approved by the client. However, as is obvious from these rules, fee sharing between lawyers who are not in the same firm is legal unless the manner of the sharing is prevented by operation of law. *See Bond v. Crill,* 906 S.W.2d 103, 106 (Tex.App.—Dallas 1995, no writ); *Matlock v. Kittleman,* 865 S.W.2d 543, 545 (Tex.App.—Corpus Christi 1993, no writ).

Accordingly, the agreement between appellant and appellee could have been performed in a legal manner. The only fact which prevented this agreement from being legally performed was that the agreement was not disclosed to the client, as is required by the Disciplinary Rules. However, this shortfall was found by the jury to have been brought about by appellee's own fraudulent actions. This finding was supported by the evidence. A contract that can be performed in a legal manner is not rendered illegal simply because it may have been performed in an illegal manner. *Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146 (1947); *Cross v. Dallas County Flood Control Dist. 1,* 773 S.W.2d 49, 53 (Tex.App.—Dallas 1989, no writ). Consequently, we hold that the contract between appellant and appellee was not illegal.

Appellee cites *Fleming v. Campbell,* 537 S.W.2d 118 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.), and *Lemond v. Jamail,* 763 S.W.2d 910 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd n.r.e.) as authority for the proposition that a fee-sharing agreement, without the approval of the client, is void. These cases are distinguishable on their facts. In neither of these cases did the client discuss the case with both lawyers, as had occurred here. Additionally, in the present case, there was no showing that the client's confidences would be violated. *See Bond,* 906 S.W.2d at 106. More importantly, in neither of the two cases cited by appellee was there an allegation or proof that the failure to have one of the lawyers included in the fee agreement was brought about by the fraudulent action of the other attorney.

In light of the above discussion, we hold that the trial court erred in disregarding the jury's finding that a fee-sharing agreement between appellant and appellee existed. Accordingly, we sustain points of error four and five.[4]

### DAMAGES

In his seventh point of error, appellant argues that the trial court erred in failing to enter judgment on the verdict in favor of appellant on his fraud cause of action. The jury, in response to question number two, found that appellee had committed fraud against appellant in connection with the fee-sharing agreement and awarded, in response to question number three, the sum of $346,714.00 as exemplary damages. Appellee argues that because appellant failed to offer proof of, or obtain a finding on, actual tort damages, appellant should not be entitled to recover actual or punitive damages on his fraud claim. We agree.

---

yer outside his firm or office unless "the client consents to employment of the other lawyer after a full disclosure that a division of fees will be made." State Bar Rules, art. X, § 9, DR 2–107(A)(1) (1984).

The 1990 rule provides that such a division shall not be made unless "the client is advised of, and does not object to, the participation of all the lawyers involved."

Tex.Disciplinary R.Prof.Conduct 1.04(f)(2) (1989), reprinted in Tex.Gov't.Code Ann., title 2, subtitle G app. (Vernon Supp.1996). Additionally, the 1990 rules contain a comment which provides in relevant part:

Because the association of additional counsel normally will result in a further disclosure of client confidences and have a financial impact on a client, advance disclosure of the existence of that proposed association and client consent generally are required. Where those consequences will not arise, however, disclosure is not mandated by this Rule.

Tex.Disciplinary R.Prof.Conduct 1.04 & cmt. (1990).

As our discussion indicates, while the seemingly more restrictive 1989 rules would apply in this case, the result would be the same here under either rule.

4. Because of our holding on these points, appellant's points of error one, two, three, and six need not be addressed. Tex.R.App.P. 90(a).

■ The mere joinder of a claim in contract with a claim in tort does not alter the fundamental rule: breach of contract cannot support the recovery of exemplary damages. *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 745 (Tex.1986). It is well settled that a recovery of punitive damages requires a finding of an independent tort with accompanying actual damages. *Twin City Fire Ins. Co. v. Davis,* 904 S.W.2d 663, 665 (Tex.1995), (quoting *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 284 (Tex.1993)). The mere availability of a tort-based theory of recovery is not sufficient; actual damages sustained from an independent tort must be proven before punitive damages are available. *Twin City,* 904 S.W.2d at 665; *Grace Petroleum Corp. v. Williamson,* 906 S.W.2d 66, 68 (Tex.App.— Tyler 1995, no writ).

■ The jury here, in its answer to question number two, found fraud on the part of appellee. Assuming, arguendo, that this fraud claim is independent of appellant's breach of contract claim, we hold that without conclusive proof of, or a jury finding on, actual tort damages occasioned by appellee's fraud, punitives cannot be supported. *Twin City,* 904 S.W.2d at 666; *Grace Petroleum,* 906 S.W.2d at 69.

It is undisputed that no jury finding was made as to the actual damages (contract or tort) sustained by appellant. In fact, neither issue was submitted to the jury. Question number three, regarding exemplary damages, was the only damage question submitted to the jury. This, however, is not fatal to appellant's contract recovery. *See Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 790 (Tex.1995) (trial court should submit only contested fact issues to the jury); *Artripe v. Hughes,* 857 S.W.2d 82, 85 (Tex.App.—Corpus Christi 1993, writ denied). In this case, the actual damages occasioned by appellee's breach of contract were established as a matter of law as the amount appellant would have received under the contract.[5] The same cannot be said about the fraud damages.

Our review reveals no distinct damages attributable to the appellee's fraud; appellant directs us to no specific evidence of injury other than the loss of his share of the referral fee. The only damages alleged in appellant's petition or claimed throughout the trial, were the benefit of the bargain. The great weight of authority holds that benefit of the bargain damages are directly referable to a contract cause of action. *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex.1991) (when the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract); *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986); *Parker v. Parker,* 897 S.W.2d 918, 924 (Tex. App.—Fort Worth 1995, writ denied) (injury from alleged fraud was loss of benefit of the bargain; the cause of action sounded solely in contract); *Barbouti v. Munden,* 866 S.W.2d 288, 294 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (where a plaintiff is seeking to recover what he would have gained had the promise been performed, the action is one for breach of contract), *contra Peco Constr. Co. v. Guajardo,* 919 S.W.2d 736, 739 (Tex.App.—San Antonio 1996, writ denied) (loss of the benefit of the bargain damages are also recoverable under a fraud cause of action).

Thus, we find that the only damages shown by the record are contract damages. Therefore, without a separate finding on actual fraud damages, punitives cannot be supported. *See Twin City,* 904 S.W.2d at 666; *International Bank v. Morales,* 736 S.W.2d 622, 624 (Tex.1987); *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986); *Bellefonte Underwriters,* 704 S.W.2d at 745; *Grace Petroleum,* 906 S.W.2d at 69. Accordingly, appellant's seventh point of error is overruled.

### CROSS-POINT

■ Appellee's sole cross-point asks this court to declare referral fees contrary to public policy and hence unenforceable unless

---

5. That amount was established by the jury's answer to question number one as one-half of the referral fee. Both parties, without contradiction, established the exact amount of the referral fee at $693,428. Therefore, taken together, we find that the amount of appellant's actual contract damages was conclusively established as one-half of the referral fee ($346,714).

related to actual services performed. Our disciplinary rules specifically allow referral fees though the referring lawyer performs no actual services. *Bond,* 906 S.W.2d at 106. The rules are adopted by the Texas Supreme Court and represent a well-reasoned approach to the matters they address. As such, we decline to find that the rules are contrary to public policy. Appellee's crosspoint is overruled.

CONCLUSION

Because the record, when viewed in the proper light, contains more than a scintilla of evidence to support the jury's findings and because recovery is not otherwise barred, we hold that it was error for the trial court to enter a judgment notwithstanding the verdict in favor of appellee. Accordingly, we sustain appellant's fourth and fifth points of error, overrule appellant's seventh point and appellee's crosspoint, and reverse the judgment N.O.V. and render judgment in favor of appellant in accordance with the jury's verdict for $346,714.00 in actual contract damages plus interest.