NUMBER 13-00-049-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


HERSCHEL P. CASHIN, Appellant,


v.


BARBARA PARKER JACKSON, Appellee.

___________________________________________________________________


On appeal from the County Civil Court at Law No. 3 

of Harris County, Texas.

___________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Amidei (1)

Opinion by Justice Amidei


 This is an appeal from a post-answer default judgment in a breach of contract case. Herschel P. Cashin, appellant, bases
his appeal on five issues: (1) the trial court erred in not having a hearing on his motion for new trial; (2) he should have
been granted a continuance; (3) appellee, Barbara Parker Jackson, should not have been granted a continuance after the case
was called for trial several months previously; (4) appellee was not entitled to any referral fee because she did not do any
work on the case and their agreement referring the case to appellant was prohibited by rule 1.04(f) of the Texas Disciplinary
Rules of Professional Conduct; and (5) the attorney's fee awarded appellee were not proved up.

Standard of Review


 Where a defendant has filed an answer but fails to appear for trial, a judgment by default is improper. Bibby v. Preston,
555 S.W.2d 898, 901 (Tex. Civ. App.-Tyler 1977, no writ). The plaintiff in such situation must proceed to trial and prove
his case and see to it that a court reporter was present to make a record. Id. The defendant, by failing to appear at trial,
does not abandon his answer nor make an implied confession of any issues joined. Id. Where no findings of fact or
conclusions of law are filed, this court must presume on appeal that every fact issue and such implied findings, as were
necessary to support the judgment, were found by the trial court. Id. In passing upon whether there is any evidence to
support the judgment, we must consider only the evidence favorable to the implied findings of the trial court, but in passing
on the insufficiency of the evidence we consider all the evidence in the record. Id. In the absence of findings and
conclusions the judgment of the trial court must be affirmed if there is any legal theory which supports the judgment which
has support in the evidence. Id.

Factual Background


 Appellee sued appellant for the balance of a referral fee. Appellee asked appellant to assist her in prosecuting a medical
malpractice lawsuit on behalf of one of her long time clients. They agreed to split the attorney's fees 50% each. The
lawsuit settled for $250,000, appellant received a $100,000 fee plus reimbursement for costs. Appellant offered to settle
with appellee, 1/3 ($33,333.33) for appellee, and 2/3 ($66,666.34) for appellant. Appellant paid appellee $15,000,
including $13,647 on her part of the fees and $1,353. to reimburse her for some of the shared cost in the case. Appellee
sued herein for the balance of her attorney fees in the amount of $19,686 ($33,333 minus $13,647.), plus interest and her
attorney's fee for handling this case. The case was called for trial on August 23, 1999, but prior to any testimony and
pursuant to the agreement of the parties, the court reset the case on November 26, 1999, for pre-trial conference, and on
November 29, 1999, for trial. Appellee did not file a motion for continuance, and the trial court did not grant a motion for
continuance.

 Appellant failed to appear at either the pre-trial conference or the trial, and did not file a motion for continuance. 
Appellant alleges in his brief that he was engaged in trial in another case and could not attend the trial in this case. The
appellant filed a motion for new trial without any supporting affidavits. There was no evidentiary hearing on the motion for
new trial. Therefore, appellant's argument that he was engaged in another trial is outside the record in this appeal and we
will not consider it. 

Issues Presented


 Issue No. 1. Appellant argues that the trial court erred in not having a hearing on his motion for new trial. No record
references or citations to authorities to support this issue are made by appellant. Tex. R. App. P. 38.1(f),(h). Issue one is
overruled because it is not properly briefed.

 Issue No. 2. Appellant claims in his second issue that he should have been granted a continuance notwithstanding the fact
that the trial court was not made aware he was set for trial in another case. Appellant did not attend the pre-trial conference
the Friday before the Monday the case was set for trial. Appellant cites no authority to support this issue and the record
does not reflect that appellant was engaged in another trial at the time of trial in this case. Issue two is overruled. Tex. R.
App. P. 38.1(h).

 Issue No. 3. This issue complains that the trial court erred in granting appellee a continuance on August 23, 1999, because
it was oral and the court had no reason to grant it. As appellee points out, she did not file or urge a motion for continuance
on August 23, 1999, and the trial court did not grant a continuance. Appellant alleges without reference to or support in the
record that a continuance was granted in favor of appellee, but we cannot consider appellant's argument because it is
outside the record. 

 The trial court set the case for pre-trial conference on November 26, 1999, and for trial on November 29, 1999, with the
consent of the parties. Appellant waived any objection when he agreed to the reset. Appellant's third issue is overruled.

 Issue No. 4. Appellant contends he does not owe appellee the balance of the fees because appellee "did no work on the
case" and therefore their agreement was prohibited by subsection (i) of rule 1.04(f)(1) of the Texas Disciplinary Rules of
Professional Conduct which, requires fee division in proportion to the work performed by each lawyer. Tex. Disciplinary
R. Prof'l Conduct 1.04(f)(1)(i) reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R.
art. X, § 9). However, appellant overlooks the applicable subsection (ii) of rule 1.04(f)(1) which permits division of fees
with a forwarding lawyer. Comment 10 under rule 1.04 approves division of fees without further disclosure in a referral
where there is no further disclosure of the client's confidential information and no financial impact on the client. Under the
previous rule which made basically the same provision it was held in Chachere v. Drake, 941 S.W.2d 193, 197-98 (Tex.
App.-Corpus Christi 1996, writ den.) referral fees are not illegal or against public policy, even when the referring attorney
performs no actual services. In any event, appellant can not claim the benefit of a violation of an ethics rule when he is a
party to the transaction and agreement in question. Issue four is overruled.

 Issue No. 5. Appellant argues that the $6,500 that the trial court awarded as attorney's fees were arbitrarily awarded, had
no basis, and were not properly proved up. The appellee's attorney testified that his fee for representing appellee in this
case was $6,500, which was reasonable and in line with the work he did for appellee in the case. Appellant claims it was
necessary for the attorney to prove how long he had been an attorney, whether he was specialized or certified, however
appellant cites no authority requiring such proof. Tex. R. App. P. 38.1(h). It is proper for an attorney to charge a lump sum
or flat fee for a case rather than on an hourly basis. Parker v. Boyles, 197 S.W.2d 842 (Tex. Civ. App.-Galveston 1946,
writ ref'd n.r.e.); Fish v. Sadler, 155 S.W. 1185 (Tex. Civ. App.-Amarillo 1913, no writ). The attorney pointed out that he
expended quite a bit of time and effort to try to get appellant served and to court; and he made several appearances. A fee
of $6,500 would not be unreasonable if the case was handled on a contingent fee basis as it is less than 1/3 of $19,686, the
principal amount of the judgment. Tex. Disciplinary R. Prof'l Conduct 1.04. Appellant's contention there was insufficient
evidence as to the amount of the fees but appellee's attorney testified the fees were $6,500. Appellant attacks the trial
court's finding of reasonableness but the appellee's attorney testified the fees were reasonable. The trial court did not err or
abuse its discretion in awarding attorney's fee to appellee.

 The judgment of the trial court is affirmed.

 

________________________

MAURICE AMIDEI

Assigned Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

1st day of November, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).